IVESTER *v.* CITY OF ATLANTA.

A municipal corporation is under no duty to erect barriers or to maintain lights to prevent injury to persons seeking to enter a street from private land at a point at which there is no traveled way either public or private, and at which there is nothing to put the municipality on notice that an entrance is likely to be attempted.

115　853
Case 2
122　855

Submitted May 1, — Decided July 18, 1902.

Action for damages. Before Judge Reid. City court of Atlanta. October 19, 1901.

*Spencer R. Atkinson, James A. Anderson,* and *E. Winn Born,* for plaintiff. *James L. Mayson* and *William P. Hill,* for defendant.

SIMMONS, C. J.   Suit was brought by Ivester against the City
of Atlanta, for damages on account of personal injuries alleged to·
have been occasioned him by the negligence of the municipal author--
ities.   The allegations on which he predicated his action were, in
substance, that on a certain night he walked on Gullatt street until
it intersected with Glenwood avenue, when he discovered that·
beyond the intersection the roadway of Gullatt street was in an
unfinished condition, and that there was no paved sidewalk; that·
at the point of intersection there was a path, much used by pedes-
trians, running for a short distance along the line of Gullatt street·
and then diagonally across an uninclosed lot to Cherokee avenue;.
that, being unacquainted with the locality and supposing the path
was the sidewalk used by pedestrians in passing, he stepped into·
the path and continued on his way; that in a few moments, on
account of the darkness, he lost the pathway and in endeavoring
to regain Gullatt street went in an opposite direction and uninten-
tionally fell into an excavation made by the city in grading Chero-
kee avenue; that at the point where he fell Cherokee avenue had
been graded six to nine feet below the level of the lot from which
he fell, and there was no light at the intersection of Gullatt street
and Glenwood avenue, and no light, barricade, or railing at the
point at which he fell.   He alleged that the city authorities were
negligent in so constructing the street and failing to safeguard the
public against its dangers; in leaving the excavation unprotected
by railing or barricade; in failing to light the street so that persons·
approaching might see the danger and avoid it; and in not taking
measures to warn the public of such danger.   Counsel for the city
demurred to the declaration, on the ground that it showed no neg-
ligence on the part of the city and set out no cause of action against
the city.   The demurrer was sustained, and the plaintiff excepted.

Under the facts alleged in the declaration there was no error in
sustaining the demurrer.   Whilst a municipality is bound to keep
its streets and sidewalks in such condition as to allow vehicles and
foot-passengers to pass over safely, there is no duty resting upon it
to maintain lights, erect railings, or use other precautions to pre-
vent persons from stepping off of a private lot into a graded street at
a point at which it could not be reasonably anticipated that any one
would attempt to descend.   Plaintiff in error undertook to follow
a path over an uninclosed private lot.   The path had been used by

other foot-passengers. Plaintiff in error lost his way, and in attempting to regain the street which he had left he inadvertently went in the other direction and fell into another street at a point at which it does not appear that any other person had ever entered. We are unaware of the existence of any law or decision under which the city could be held liable. The able and distinguished counsel for the plaintiff in error relied upon the cases of Burnham v. Boston, 10 Allen, 290, and Orme v. Richmond, 79 Va. 86, 5 Am. & Eng. Corp. Cas. 605. Along the same line is also O'Malley v. Borough, 43 Atl. 384. This last case followed the two first-mentioned ones, and the Orme case followed the Burnham case without, apparently, noticing that that case was predicated upon the peculiar New England statutes in regard to streets and roads. In 2 Dill. Mun. Corp. (4th ed.) § 1005, the fact that the Burnham case was founded upon a construction of the New England statutes is stated. These statutes provide for the working of the roads and for the erection of barriers and railings in certain places, and impose upon townships liabilities peculiar to that section of the country and not common to the other States of the Union. Even, however, if we admit the soundness of the three cases above cited, as applied to all municipalities, whether in New England or elsewhere, still we think the demurrer in the present case was properly sustained. In Burnham v. Boston an excavation had been made by a railroad company in one of the streets of the city and across a private way which for a long time had been commonly traveled by the public. A passenger in a carriage, not knowing of the excavation, undertook to drive upon this private way, pursuing the regular route, and for want of barriers the horse and carriage were precipitated in the cut and the passenger was injured. The city was held liable. In the Orme case a private way had been in use for a long space of time. It led into the intersection of two streets. The city lowered the grade at this intersection and erected barriers at the ends of the streets, but failed to erect any barriers at the end of the private way. A woman passing along the private way at night and attempting to pass into the street was injured. The court held the city liable. In the O'Malley case a private way had existed for a long time, leading from certain houses to the public street. The city graded the street and made an excavation without giving the public notice or erecting barriers at the point where the private

way entered the street.    A physician, after attending a patient at one of the houses, attempted, at night, to enter the street by the usual way, and was injured.    These cases might have been applicable to the present one had the plaintiff followed the path to the point at which it entered Cherokee avenue and been injured in attempting to enter the street at that point.    Plaintiff, however, did not fall at that point but at a point at which, so far as appears, no one had ever before entered the avenue, and at which the city could not reasonably have anticipated that any one would ever attempt to enter, especially on a dark night.    For these reasons the cases cited and relied upon do not apply.    We think the city was under no duty to protect the plaintiff under the facts alleged, and that there was no error in sustaining the demurrer to the plaintiff's petition.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*