· ETHEREDGE, next friend, *v.* CENTRAL OF GEORGIA
RAILWAY COMPANY *et al.*

1. Consent of an owner of land for the public to use as a passageway a path
across his land may be inferred from the fact that the path has been, for
some time in the past, continuously used by the public for this purpose
without objection from the owner ; and from such implied consent a duty
arises to protect persons using the path against hidden dangers which may
be incurred by such use.

2. But the owner is under no duty to persons using the path to keep his entire
premises in safe condition for pedestrians ; and if a person using the path
leaves it and wanders some distance from the path and falls into a ditch
partly concealed from view, the owner will not be liable. In such a case it
is immaterial that the person injured was a child of tender years.

3. Where suit is brought by a person injured in the manner indicated in the
note immediately preceding, it must appear, in order to authorize a recovery,
not only that the path was used by him with the express or implied consent
of the owner, but that he fell into the ditch from the path or near
thereto.

4. Applying these rules to the facts of the present case, the evidence authorized
a finding that the plaintiff was using the path with the implied consent of
the owner of the premises through which it ran, but there was no evidence
to show that the plaintiff was using the path at the time the injuries were
received. The verdict in favor of the defendants was therefore the only
lawful verdict that could have been rendered in the case, and the court did
not err in refusing to grant a new trial.

Argued April 11,—Decided May 12, 1905.

Action for damages. Before Judge Hodges. City court of
Macon. December 24, 1904.

Earle Etheredge, a boy between five and six years of age, was
injured by falling into a ditch containing hot water. The ditch
was on the premises of the Central of Georgia Railway Company,
and the water was turned into it by the Central City Ice Works,
with the consent of the railway company. The boy, by his next
friend, sued both companies for damages. The evidence for the
plaintiff showed that the boy and his grandfather started down a
path on the premises of the railway company, for the purpose of
going to the office of the boy's father in a building of the Georgia
Southern Railway Company on the other side of the ditch. The
path led up to and extended from the ditch, and was much used
by the public. It was used by the employees of the Georgia
Southern Railway Company, but the office of the boy's father was
more easily accessible by another route. The earth about the

ditch where the boy fell in was piled up and was wet and slippery, and obscured the ditch. Just before he fell into the ditch his grandfather had given him permission to "roll," and the grandfather had sat down under a haw bush near by to wait a few minutes. The evidence does not disclose whether, when the boy fell, he was in the path, or, if not, how near he was to it. The grandfather had never used this path before. The ditch was dug across the path a short time before the accident occurred. No sign had been placed in or near the path to indicate that the ditch was there. The evidence for the defendant contradicted that of the plaintiff in material parts. The verdict was for the defendants. The plaintiff excepted to the overruling of his motion for a new trial. The motion complains that the verdict was contrary to law and the evidence, and that the court erred in certain instructions to the effect that the boy's right to recover depended on whether he was using the path with the permission, expressed or implied, of the defendants or either of them; also, in refusing to charge that the jury were authorized to consider the place where the accident occurred, and how long the premises had been used by the public.

*Joseph H. Hall* and *Warren Roberts*, for plaintiff.    *Hall & Wimberly, J. E. Hall,* and *Malcolm D. Jones,* for defendants.

COBB, J.    If the boy was a bare trespasser and upon the railway company's premises without any express or implied permission or invitation, the defendants owed him no more duty than they would have owed under the same circumstances to an adult. *N., C. & St. L. Ry. Co.* v. *Priest,* 117 *Ga.* 767; *O'Connor* v. *Brucker,* 117 *Ga.* 451 (4). But if the boy was upon the premises of the railway company by its consent, either expressly given, or to be inferred from the circumstances proved, the defendants owed him a duty to protect him against hidden dangers which he incurred by reason of his presence; and possibly owed him a greater duty than it would have owed to a person who could have protected himself from dangers incident to his presence on the company's premises. In other words, if a boy five or six years of age was permitted to use the path, the company might be required to anticipate that, by reason of his youth and inexperience, he would be more likely to fall into the ditch from the path than would an adult. *Ashworth* v. *Ry. Co.,* 116 *Ga.* 635. "When the owner

or occupier of land, by invitation, express or implied, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by the unsafe condition of the land or its approaches, and, under such an express or implied invitation, he must exercise ordinary care and prudence to render the premises reasonably safe for the visit." *Atlanta Cotton-Seed Oil Mills* v. *Coffey*, 80 *Ga.* 145. If, therefore, the boy was using the path with the implied consent of the railway company, and if he fell into the ditch from the path, he would have a right to recover. *Burton* v. *Railroad Co.*, 98 *Ga.* 783. It was incumbent upon the plaintiff to show, not only that the path was of such a character as to amount to an invitation or permission on the part of the railway company to use it as a passageway over the land, but also to show that the injury resulted from the use of the path and while the plaintiff was in the act of availing himself of this permission. If he went out of the path, and the use of the path was not the proximate cause of the injury, there can be no recovery. *Savannah Ry. Co.* v. *Beavers*, 113 *Ga.* 398; *Ivester* v. *City of Atlanta*, 115 *Ga.* 853. There was sufficient evidence to authorize the jury to find that the path had been so long used by the public as a passageway over the land that the owner must have known that it was so used and have impliedly consented to its use. Consequently one using the path would not be a trespasser. But there was nothing in the evidence to authorize a finding that there was any express or implied invitation to the plaintiff to use any other part of the premises than the path. Hence when the plaintiff got out of the path he was a trespasser, and the defendants owed him no duty except not to injure him wantonly or wilfully. It may be that the defendants would be bound to anticipate that a young child might stray a few feet from the path; but the plaintiff can take nothing from this, because the evidence fails to disclose how near the path he was when he fell into the ditch. There was no allurement to attract a child from the path. The hot water could not be said to be an allurement; and besides, this court has expressly declined to extend the doctrine of the turn-table cases to meet such a case. See the *Beavers* case, supra. The case is in principle controlled by the case just cited. The plaintiff being, so far as the evidence discloses, a trespasser at the time he

fell into the ditch, neither of the defendants was liable. The evidence demanded the verdict in their favor, and if there was any error in charging, or in failing to charge as requested, it was immaterial.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*