8033. SEABOARD AIR-LINE RAILWAY *v.* YOUNG.

A heavy two-wheeled truck used for moving freight in a depot was not so attractive as a plaything for children and so dangerous in its nature as to come within the rule of the "turn-table cases," and the railway company was not liable for leaving it accessible to a child who was in the habit of playing at the depot and who was injured by it.

DECIDED JUNE 18, 1917.

Action for damages; from McIntosh superior court—Judge Sheppard. March 25, 1916.

*Bolling Whitfield,* for plaintiff in error.

*Oliver & Oliver,* contra.

WADE, C. J. 1. "One who makes an excavation upon his land is not bound to so guard it as to prevent injury to children who come upon it without his invitation, express or implied, but who are induced to do so merely by the alluring attractiveness of the excavation and its surroundings." *Savannah Railway Co.* v. *Beavers,* 113 *Ga.* 398 (39 S. E. 82, 54 L. R. A. 314). See also *O'Connor* v. *Brucker,* 117 *Ga.* 452 (43 S. E. 731) ; *Nashville Ry. Co.* v. *Priest,* 117 *Ga.* 769 (45 S. E. 35) ; *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1030 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675). See generally, *Harden* v. *Ga. R. Co.,* 3 *Ga. App.* 344 (59 S. E. 1122). Under the doctrine laid down in the above-cited cases, a railroad company having at a freight depot an ordinary heavy and cumbersome two-wheel truck for handling freight, "beyond the strength of petitioner [a man] to handle with ease," is not chargeable with the consequences arising from an attempt on the part of a child, approximately eight years old at the time, to push or wheel the truck around, notwithstanding his habit of playing around said depot was known to the employees of the railroad company, because of the failure of the railroad company to place the truck inside the depot building, during the absence of its agent in charge of the same, and to secure and lock the doors of the warehouse to prevent any interference with the truck by the child, on the theory that the company was negligent in leaving open, exposed, insecure, and accessible to the child an attractive plaything which the company should have known, in the exercise of ordinary care and diligence, would attract the child, to his injury and damage. Such a truck is not itself so palpably attractive as a plaything for children, and an implement or thing so dangerous in its

nature, as to come within the rule of the "turn-table cases," and render a railroad company liable for leaving it accessible to the child.  See, in this connection, *Southern Cotton Oil Co.* v. *Pierce,* 145 *Ga.* 130 (88 S. E. 672).  The court erred in overruling the general demurrer to the petition alleging damages on the state of facts here indicated.  What followed was therefore nugatory, and need not be considered.

*Judgment reversed.    George and Luke, JJ., concur.*