19843.   CARTER *v.* LaMANCE *et al.*

DECIDED JANUARY 14, 1930.

*William A. Thomas,* for plaintiff.

*Augustine Sams, C. Holland Feagin, James L. Mayson, Courtland S. Winn, Jack C. Savage,* for defendants.

PER CURIAM. (After stating the foregoing facts.)

The petition, in so far as it relates to the city, shows that there is a misjoinder of parties as well as a misjoinder of causes of action, and that the case clearly falls under section 5515 of the Civil Code (1910). Citing several cases to support the proposi-

tion, Justice Atkinson, in *Ansley* v. *Davis,* 140 *Ga.* 615 (79 S. E. 454), said: "The case clearly falls within the principle of the Civil Code, § 5515, which prevents the joining in one action of distinct and separate claims against different persons." No breach of a common duty on the part of both defendants is alleged. *Battle* v. *Atlantic Coast Line Railroad Co.,* 132 *Ga.* 376, 383 (64 S. E. 463).

▆ The petition fails to show a breach of any duty owed to the plaintiff by the City of Atlanta, and the city's demurrer to the petition was properly sustained.

▆ The petition shows that defendants LaMance and Mitchell *negligently* maintained a dangerous attraction to children of tender years. A merry-go-round is, to children, attractively built, attractively painted, and attractively operated, and its operation may be dangerous under certain circumstances. It is built and operated for practically the sole purpose of alluring children and appealing to their childish instincts for curiosity and pleasure. The petition shows that because of the nature of this dangerous instrument the plaintiff, a child of tender years, was attracted to it, and, after being so attracted, his foot was crushed and mangled so that it was necessary to amputate his leg just below the knee, and he suffered great pain, injury, and damage, which pain, injury and damage were attributable to the fact that defendants LaMance and Mitchell, knowing the nature of the dangerous instrument and that the object of its maintenance was to attract children, and that it was attractive to children, left said merry-go-round unlocked, and without any fence around it, and easily accessible to children, and without any guard, and left said cogs and cog-wheels without proper boxing over and around them, and unenclosed and exposed, so that the plaintiff, a minor eleven years of age, could and did get his foot mangled and crushed. The petition alleges, in effect, that the defendants LaMance and Mitchell lured the child with and to an attractive but dangerous instrument, and then, through negligence, crushed his limb.

In *American Telephone &c. Co.* v. *Murden,* 141 *Ga.* 208 (80 S. E. 788), the petition alleged in brief that "The agents of two telephone companies, while engaged in repairing their lines of wires, placed a large chest in a certain warehouse. The chest was so constructed as to constitute a dangerous trap when it was left with

the lid raised. The warehouse was located on the side of a public street in a town near a railroad station, the post office, a school house, and the residence of plaintiff's father and other residences. . . The plaintiff, who was a child two or three years old, seeing the door open, and the lid up, was *attracted* thereby, and, in seeking to investigate according to the natural instincts of a child, pushed the chain, and the lid fell upon him, injuring him. He was incapable of exercising care for his own safety, and *the injury resulted from the negligence of the employees of the defendants* in leaving the lid of the chest open and in a dangerous condition. Held, that *the petition was not subject to general demurrer."* (Italics ours.) In *Ferguson* v. *Columbus & Rome Ry.,* 77 *Ga.* 102 (2), a little girl ten years of age was hurt on a turntable in the defendant's railroad-yard, and even though "the little girl was sent to the defendant's yard by her mother," and her older brother had been left there by her father "to protect the property of the company from depredaion and injury," and her father, a night-watchman, "had promised to give such supervision to, and take care of the defendant's property at this yard as he could without entirely depriving himself of sleep during the day" (see 75 *Ga.* 641), the Supreme Court held that "Where a railroad company leaves a dangerous machine, such as a turntable, unfastened in a city, on a lot which is not securely enclosed, and where people and children are wont to visit it, and pass through it, this is negligence on the part of such company; and where an infant of ten or twelve years of age resorted to the turn-table and in riding upon it was dangerously and seriously injured, the railroad company is liable for damages for such injuries to the infant." Like the *Ferguson* case, the facts alleged in the case under consideration show "a dangerous machine," "unfastened in a city, on a lot which is not securely enclosed, and where people and children are wont to visit it;" but the case under consideration is much more aggravated than the *Ferguson* case, because a turn-table is not built to attract children and is not nearly so attractive to children as is a merry-go-round. The facts alleged in the instant case easily bring it under the ruling in the *Ferguson* case, and the *Ferguson* case has never been overruled, is now the law of our State, and can not be ignored.

Defendants in error insist that the doctrine of the "turn-table cases" should not be extended; but even if this were true it is not

necessary to extend this doctrine in order to bring the instant case within it. Nor does the statement that it "will not be extended" mean that it will not be applied. In *Savannah &c. Ry. Co.* v. *Beavers,* 113 *Ga.* 398, 411 (39 S. E. 82, 54 L. R. A. 314), we find the following: "In Stendal *v.* Boyd, 67 Minn. 279 (69 N. W. 899), it is said: 'We did not mean by [what was said in Twist *v.* Railroad Co., 39 Minn. 164 (39 N. W. 402, 12 Am. St. R. 626)] that we would not apply the doctrine to any but turn-table cases, but merely that we would not extend the doctrine to cases which upon their facts did not come strictly and fully within the principle upon which those cases rest. We would not extend it to an ordinary case of a landowner merely allowing a pool or pond of water to stand on a vacant lot.'" The judgment in the *Beavers* case was reversed, not because the principle of the turn-table cases as laid down in the *Ferguson* case was not sound, but because "the case of *Ferguson* v. *Railroad Co.,* supra, is not authority which is *applicable to the facts of the [Beavers] case under consideration."* (Italics ours.) The facts of the case now under consideration clearly bring it "strictly and fully within the principle" of the turn-table cases as laid down in the *Ferguson* case, supra. The case of *Atlantic Coast Line R. Co.* v. *Corbett,* 150 *Ga.* 747 (105 S. E. 358), would not take precedence over the older case of *Ferguson* v. *Ry.,* supra, even if there were a conflict between the two. However, the *Corbett* case is differentiated by its facts from the case now under consideration. In the *Corbett* case the hand-car was not built for children, but was merely *similar* to a plaything for children; while in the case under consideration the merry-go-round was built and operated in the main, if not wholly, for the attraction and amusement of children, and was far more attractive than a hand-car. In the *Corbett* case the defendants had fastened the hand-car "with a lock and chain," while in the instant case the defendants left the merry-go-round unfastened, unenclosed, and unguarded.

The petition set out a cause of action against defendants LaMance and Mitchell, and the court erred in sustaining their demurrers.

*Judgment sustaining demurrer of City of Atlanta affirmed.*

*Judgment sustaining demurrer of defendants LaMance and Mitchell reversed.*

*Broyles, C. J., and Luke, J., concur. Bloodworth, J., dissents as to the judgment of reversal.*