42640. GLEAN, by Next Friend v. SMITH.

ARGUED MARCH 8, 1967—DECIDED APRIL 5, 1967—REHEARING DENIED JUNE 30, 1967—

*Long & Glean, M. A. Glean, Sr., William F. Braziel,* for appellant.

*Brannen, Clark & Hester, Perry Brannen,* for appellee.

Deen, Judge. 1. Where liability of a parent for the tort of a child is based on the parental relationship, the imputation of negligence must stem from an agency or master-and-servant relationship. *Bell v. Adams,* 111 Ga. App. 819 (1) (143 SE2d 413), holding that a parent was not liable where the 17-year-old son intentionally shot another with the father's rifle, which had been left in a place accessible to him, in the absence of allegations showing the parent should have foreseen that the son, if in possession of the weapon, would commit a criminal act.

2. Insofar as the petition alleges negligence on the part of the defendant in failing to supervise the play activities of an infant son too young to be *capax doli,* it is subject to the same defect that existed in *Assurance Co. of America v. Bell,* 108 Ga. App. 766, 775 (134 SE2d 540) where it was held: "The mere fact that the child escapes the supervision of a parent, and that the parent knows harm could result if he or she is not present, is not a sufficient allegation of actionable negligence. The true test is not the fact of escape. It is whether (a) a duty was raised against the parent by the facts of the case of anticipating that in the absence of his supervision a particular type of injury to another will result, and (b) whether he then exercised reasonable care to control and supervise the infant to prevent such result." See also *Barlow v. Lord,* 112 Ga. App. 352 (145 SE2d 272). The petition fails to include these essential allegations.

3. There can be no doubt but that a loaded pistol in the hands of a minor child too young to understand its nature is a dangerous instrumentality. Although the petition is loosely drawn and perhaps subject to special demurrer, as against a general demurrer the allegation that the defendant was negligent in placing an intrinsically dangerous instrumentality in the immediate vicinity of children of tender years is supported by allegations of fact that the pistol was in the drawer of a "child size bureau" in a "play room" in the defendant's home where he had infant children. The duty of the owner of land is to exercise

ordinary care in keeping the premises safe. "As to an infant . . . the owner of premises on which a dangerous thing exists may in legal duty be bound to use a greater quantum or precaution in behalf of such infant licensee than he would in behalf of an adult invited guest." *Cook v. Southern R. Co.*, 53 Ga. App. 723, 727 (187 SE 274). The same situation as alleged here was held actionable in Kuhns v. Brugger, 390 Pa. 331, 346 (135 A2d 395): "The gist of the liability sought to be imposed is that Bach was negligent in permitting a highly dangerous instrumentality to be in a place where the incautious hands of a child might come in contact with it and the handling and discharge of this instrumentality by the child was the natural and probable consequence of Bach's negligence and such a consequence as might and ought to have been foreseen by Bach as likely to flow from his act. Bach's act in permitting this weapon, with its deadly potentialities, to remain in a place frequented by young children constituted negligence on his part; the intervention of his young grandchild did not break the chain of causation between his negligence and the injury which occurred and was a natural and probable result to be anticipated from the original negligence." See also Restatement, Law of Torts, § 308; also cases cited in 68 ALR2d 797, Ann. § 7, Negligence in Leaving Gun Accessible. The petition alleges that it was the custom for many months for the defendant's children and the infant plaintiff to visit in one another's homes; therefore, the defendant is assumed (in the absence of special demurrer calling for more particularity of pleading) to have been aware of their presence. This being so, he would have a duty to anticipate their presence in the play room, and to use ordinary care to avoid injuring them after their presence was known or reasonably should have been anticipated. *Clinton v. Gunn-Willis Lumber Co.*, 77 Ga. App. 643, 647 (49 SE2d 143). In *Lee v. Georgia Forest Products Co.*, 44 Ga. App. 850, 852 (163 SE 267) a cause of action was held to have been set out against a landowner who left dynamite caps unguarded near a private way where they were found by a child who took them home where another child, playing with them, was injured. The opinion held: "The possible negligence consists in leaving such a dangerous instrumentality at

all exposed and unguarded for any length of time during which the defendant might have anticipated that persons such as the child who came upon them might be so attracted to them as to expose themselves or others to danger. It seems to be generally recognized, as a general principle of law, that one using or handling any instrumentality of an unusual or dangerous character is bound to take exceptional precautions to prevent injury thereby, and that children of tender years and youthful persons generally are entitled to a degree of care proportioned to their ability to foresee and avoid the perils that may be thus encountered." A like situation was presented in *Mills v. Central of Ga. R. Co.*, 140 Ga. 181 (78 SE 816). In neither case was there any express conclusory allegation that the defendant, in leaving the dynamite caps in a place accessible to infant·licensees, should have anticipated that they would injure themselves thereby but this is treated as a natural inference from the pleadings. Here, as there, the facts pleaded are sufficient to present a jury question. It is for the jury and not the court to determine whether these facts, if proved as alleged, amount to negligence under all the circumstances of the case.

The trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Frankum, P. J., and Quillian, J., concur.*