## 47056.   BLAIR v. MANDERSON.

CLARK, Judge. Defendant below appeals from denial of a motion for summary judgment which he had interposed in this action brought by a three-year-old child through her mother as next friend for injuries the minor sustained when hit as defendant was backing his truck in his driveway.

As shown by the pleadings supplemented by defendant's affidavit, a discovery cross examination deposition of defendant, and an affidavit of the plaintiff's father, the Blair and Manderson families were neighbors. Manderson had four children, ages ranging from 3 to 15, and the Blairs had two girls, ages 10 and 7. The children of the two families would play with each other in the front yards of the two residences. On the day of the incident the two Blair daughters were playing with a volley ball with the youngest Manderson child, then aged 3, in the Blair driveway, which is immediately adjacent to the Manderson residence with no fence between the properties. The carport is at the rear with the driveway being about 40 feet to the street. The three-year-old plaintiff left off playing and went into her home approximately 10 minutes before defendant undertook to back his truck, which is described in the complaint as a camper vehicle. Defendant got into his truck with his wife outside, she

instructing her daughters to discontinue their play and to leave the driveway clear. Mrs. Blair walked around behind the truck and came to the left door, informing her husband it was safe for him to proceed down the driveway. He states he was watching in the right rear-view mirror but never did see the child come into his driveway and when he had backed slowly from 18 to 20 feet he suddenly felt the right rear wheel lifted up which was followed by screaming from his wife. This proved to be the plaintiff minor who had been run over by the right rear wheel.

Defendant's testimony in the cross-examination deposition included the following (T., p. 43): "Q. Had you seen the child, could you have stopped your vehicle? A. I feel absolutely sure yes. Q. You did have your vehicle under sufficient control that had you seen the child, you could have stopped before striking? A. Yes."

Defendant's vision to the right rear was partially blocked by a shrub located immediately between the driveway and the Manderson property. This shrub extends approximately four feet back from the front of the Blair carport and obstructed the driver's view from seeing the Manderson home and property.

Appellant's contention is that the plaintiff child was in the legal status of a social guest and thus a licensee, citing *Laurens v. Rush,* 116 Ga. App. 65 (156 SE2d 482); *Campbell v. Eubanks,* 107 Ga. App. 527 (130 SE2d 832); *Martin v. Henson,* 95 Ga. App. 715 (99 SE2d 251); and *Hall v. Capps,* 52 Ga. App. 150 (182 SE 625). As such, says appellant, whether the child be an invitee, licensee or trespasser, our appellate courts have ruled that neither age nor capacity, mental or physical, is a factor for consideration. *Kahn v. Graper,* 114 Ga. App. 572, 576 (152 SE2d 10); *Augusta Amusements, Inc. v. Powell,* 93 Ga. App. 752, 753 (92 SE2d 720); *Atlanta & W. P. R. Co. v. West,* 121 Ga. 641, 646 (49 SE 711, 67 LRA 701, 104 ASR 179); and *Savannah, Fla. & W. R. Co. v. Beavers,* 113 Ga. 398 (39 SE 82, 54 LRA 314).

Appellee agrees on these two points but the parties disagree as to the duty of care owed plaintiff under the facts in this case. Appellant contends the liability of defendant as owner of the premises is only for wilful and wanton conduct (*Code* § 105-402), but that if this court disagrees, that the record fails to show defendant failed to use ordinary diligence as defined in *Code* § 105-201. Appellee argues to the contrary and that the trial court properly denied the motion for summary judgment. *Held:*

1. The facts of the case sub judice bring it within the doctrines established by that great jurist, Judge Arthur Gray Powell, in two of his often quoted opinions[1] rendered during the first year of the existence of our court. In the leading case of *Mandeville Mills v. Dale,* 2 Ga. App. 607, 609 (58 SE 1060), Judge Powell wrote: "In the . . . case . . . of the licensee [as opposed to a trespasser] there is a slightly higher duty on the part of the owner or proprietor of the premises. He must not wantonly and wilfully injure the licensee; and since his presence as a result of his license is at all times probable, some care must be taken to anticipate his presence, and *ordinary care and diligence must be used to prevent injuring him after his presence is known or reasonably should be anticipated.* The fundamental concept in this class of cases, as in that of trespassers, is of a liability only for wilful or wanton injury; but it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or reasonably is expected to be, within the range of a dangerous act being done." (Emphasis supplied).

Thereafter, in *Rollestone v. Cassirer & Co.,* 3 Ga. App. 161, 167 (59 SE 442), in dealing with an infant licensee, Judge Powell said: "[Y]et, after the presence of the licensee is known, exactly the same acts of caution may be required of the proprietor, to satisfy the legal duty, as

---

[1]Examination of Shepard's Georgia Citations will show the extensive number of times these cases have been cited.

would be necessary if the licensee were invited. Indeed, we can conceive that the owner of lands on which a dangerous thing exists may be in legal duty bound to use a greater quantum of precaution in behalf of an infant licensee thereon than he would in behalf of an adult invited guest. The sum of the whole matter is included in the expression frequently enunciated that 'duties arise out of circumstances.'" See *Shepard v. Wilson,* 123 Ga. App. 74 (179 SE2d 550); *Murray Biscuit Co. v. Hutto,* 115 Ga. App. 870 (1) (156 SE2d 132).

In view of the above principles, the present case comes down to the issue of whether the defendant knew of or should have anticipated the plaintiff's presence in his driveway[2] and, if so, whether he acted with ordinary care under that circumstance. The plaintiff would have the burden of proof at a trial. But the defendant as the movant for summary judgment carries the burden of showing there are no issues of material fact and that he is entitled to the judgment sought. All the evidence adduced on the motion, including that offered by the party opposing the motion, must be construed most strongly against the movant. *Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65 (1) (183 SE2d 78).

Viewed in that light we do not find the defendant is entitled to judgment as a matter of law. The trial court did not err in so ruling.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED APRIL 5, 1972—DECIDED MAY 5, 1972.

*Greer & Murray, Frank J. Klosik, Jr.,* for appellant.
*Eugene O'Brien, J. W. Claxton,* for appellee.

---

[2]See 63 ALR2d 184 for extensive annotation on "Liability for injury or damage occasioned by backing of motor vehicle within private premises."