## 53111. WRIGHT et al. v. SHONEY'S OF SAVANNAH et al.

SHULMAN, Judge.

The plaintiff appeals from the grant of a summary judgment in favor of defendants.

Plaintiff, a child of 27 months of age, accompanied by her mother and grandmother, had lunch at defendant restaurant where the child and grandmother used the rest room, in which there were two toilet stalls. The grandmother placed the child in one stall and used the other herself. She shut both doors. There was a washbasin with built-in cabinets under the basin. The child apparently finished first, went to the cabinet, took out some gel air freshener and began to eat it.

Even if the child in this case was an invitee, when she

undertook an act which went beyond the reason for entering the rest room, she lost that status. *Augusta Amusements, Inc. v. Powell,* 93 Ga. App. 752 (92 SE2d 720). It would normally be the duty of a parent or other adult to see to it that a child would not be going into a place of obvious danger. *Augusta Amusements, Inc. v. Powell,* supra. See also *Hall v. Lewis,* 135 Ga. App. 730 (218 SE2d 706).

Regardless of the age of the injured person, if there is no breach of any legal duty on the part of the defendant toward such person, there can be no legal liability. *Atlanta & W. P. R. Co. v. West,* 121 Ga. 641, 645 (49 SE 711).

In the case at bar, a restaurant storing disinfectants, air gels and the like in the rest rooms, in a cabinet containing doors, would appear to be a normal and logical act, and it would not be foreseeable that an injury would ensue from such action. "The general rule in such cases is not whether injuries result or the consequences were possible, but whether they were probable, that is, likely to occur according to the usual experience of persons. It is not necessary that a person be required to anticipate or foresee and guard against what is unusual and not likely to happen, but to anticipate and foresee and provide against that which usually happens or is likely to happen. *Whitaker v. Jones, McDougald, Smith Pew Co.,* 69 Ga. App. 711, 716 (26 SE2d 545)." *Feldman v. Whipkey's Drug Shop,* 121 Ga. App. 580, 581 (174 SE2d 474).

"One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what is only remotely and slightly probable. See *Powell v. Waters,* 55 Ga. App. 307 (190 SE 615); *Peggy Ann of Ga. v. Scoggins,* 86 Ga. App. 109, 116 (71 SE2d 89); *Yarbrough v. Cantex Mfg. Co.,* 97 Ga. App. 438, 440 (103 SE2d 138).

" . . . [T]he proprietor of premises is not the insurer of persons thereon against all acts of co-invitees, and when said proprietor has used or exercised ordinary care to keep the premises safe, he is not guilty of negligence. *Watson v. McCrory Stores,* 97 Ga. App. 516, 518 (103 SE2d 648)."

*Feldman v. Whipkey's Drug Shop,* 121 Ga. App. 580, 581, supra.

The trial court correctly granted defendant's motion for summary judgment.

*Judgment affirmed. Bell, C. J., Stolz, Webb, Marshall and McMurray, JJ., concur. Deen, P. J., Quillian, P. J., and Smith, J., dissent.*

ARGUED JANUARY 10, 1977 — DECIDED FEBRUARY 23, 1977.

*Braziel & Braziel, William F. Braziel, Jr.,* for appellants.

*Bouhan, Williams & Levy, Frank W. Seiler, Falligant, Karsman, Kent & Toporek, Stanley Karsman,* for appellees.

QUILLIAN, Presiding Judge, dissenting.

I can not agree with the conclusion reached by the majority.

First of all it is held: "Even if the child in this case was an invitee, when she undertook an act which went beyond the reason for entering the rest room, she lost that status." This statement is both erroneous and inapplicable to the present case. *Augusta Amusements, Inc. v. Powell,* 93 Ga. App. 752 (92 SE2d 720), is not authority for the blanket statement made, for it merely holds: "Such owner's invitation, and the protection due him thereunder, extend to those portions of the premises necessary for ingress and egress and on parts necessary or incidental to the mutual business or purposes of the invitation; but an invitee who leaves such places for others on the premises not included in the invitation and disconnected with the objects of the invitation is, as to such parts of the premises, a mere licensee." 93 Ga. App. p. 756. A built-in cabinet under a washbasin is not "disconnected with the objects of the invitation. . ."

It should be further observed that the recitation "[i]t would normally be the duty of a parent or other adult to see to it that a child would not be going into a place of obvious danger" is correct as an abstract principle of law. But what relevance does it have to the instant factual

situation? Are we prepared to hold a bathroom is a place of obvious danger?

Turning to the principal thrust of the opinion that the occurrence in question was not foreseeable, without a doubt this case is a classic example of the precept that a jury should determine whether the defendant might reasonably have anticipated the consequences of its act. On motion for summary judgment, ordinarily issues of negligence, including reasonable foreseeability, assumption of the risk, lack of ordinary care for one's own safety and comparative negligence are not susceptible of summary adjudication. *Malin v. Jaggers,* 134 Ga. App. 806 (216 SE2d 666); *Lay v. Munford, Inc.,* 235 Ga. 340 (219 SE2d 416).

In my view, there was not a place of obvious danger but there was a dangerous thing being kept by the defendant. "As to an infant, as in this case, the owner of premises on which a dangerous thing exists may in legal duty be bound to use a greater quantum of precaution in behalf of such infant licensee than he would in behalf of an adult invited guest. The sum of the whole matter is included in the expression that 'duties arise out of circumstances.' " *Cook v. Southern R. Co.,* 53 Ga. App. 723, 727 (187 SE 274). Accord *Augusta Amusements, Inc. v. Powell,* 93 Ga. App. 752, 754, supra. The case sub judice is controlled in principle by *Glean v. Smith,* 116 Ga. App. 111, 113 (156 SE2d 507), which involved a licensee. The gist of the liability sought to be imposed on the homeowner was negligence in permitting a dangerous instrumentality to be in a place where the incautious hands of a child might come in contact with it. The court held that since the defendant was aware of the child's presence, he would have a duty to anticipate his presence in the playroom and to use ordinary care to avoid injuring him after his presence was known or reasonably should have been anticipated.

Thus, even if the child here was a licensee a jury question would be presented. However, he was not. Thus, the defendant would have a duty to anticipate the presence of children in the bathroom and would be charged with the duty of exercising that degree of care owed a minor invitee.

Applying the often stated factors to be considered in construing the evidence on motion for summary judgment, as well as controlling principles of negligence law, I would reverse the order granting summary judgment for the defendant.

I am authorized to state that Presiding Judge Deen and Judge Smith join in this dissent.