## 60007. GEORGE R. LANE & ASSOCIATES, INC. et al. v. THOMASSON.

BIRDSONG, Judge.

In this wrongful death action brought by the mother of a deceased minor child who drowned in a swimming pool of the apartment complex owned and managed by appellants, the case was tried pursuant to a consolidated pretrial order agreed to and signed by counsel for all parties. The pretrial agreement, in effect, required the jury to weigh contentions of comparative negligence. As stipulated therein, the plaintiff's contentions were that she was a leaseholder and resided with her husband and 30-month-old child in an apartment owned and managed by the appellants, that a swimming pool was provided at these apartments especially for children residing in the complex, but at the time of the accident, there was no gate lock on the swimming pool fence to keep small children out in spite of the fact that this condition had been called to the attention of appellants and was known to them. It was alleged that the sole proximate cause of the child's death was the joint negligence of appellants in not properly maintaining and managing this pool in that they did not provide and maintain a lock on the gate, when they knew or should have known that the deceased child would go on the premises and enter the pool. Damages of $500,000 were sought.

Defendant-appellants, on the other hand, by their contentions, denied that they were negligent, contending that the pool had not opened for the day at the time the child wandered in; that no children under twelve were permitted in the pool area at any time without one parent accompanying them; and that under these circumstances the child was a licensee in the pool area. Appellants further alleged that the child's father had undertaken to look after him on the morning of the incident, but negligently started reading a newspaper instead; and that the father's negligence in failing to watch the child and prevent him from going in the pool area was the proximate cause of his death. Finally, appellants asserted that under the lease signed by Mr. and Mrs. Thomasson, the tenants expressly agreed to indemnify the management against all liabilities incurred as a result of any accident happening on the apartment premises because of the "condition, maintenance or operation" of the apartment complex. The pretrial order was to supersede the pleadings and no issue was to be considered if not contained therein. The jury rendered a verdict in the amount of $180,000 in favor of the mother, and this appeal ensued. *Held:*

The evidence established that the pool was fenced in with a cyclone-type fence and the gate was equipped with a "horseshoe

latch." The mother testified that when the gate was locked the child was not strong enough to open it himself. However, there had been problems keeping the gates locked at night, people were constantly breaking the locks and the management was constantly replacing them. On at least two occasions when complaints were made about the lack of locks on the family pool, some affirmative action was taken to correct the problem.

The accident occurred on July 4, 1976. Dickie, the child, awoke at 6:00 a.m. and Mr. Thomasson fed him, got the Sunday paper and went outside to sit in a lawn chair while Dickie played. Sometimes Dickie would ride his tricycle around the lot and get out of sight behind cars. After getting up to look for him about six times, shortly before 8:00 a.m. Mr. Thomasson could not find Dickie. When he told Mrs. Thomasson, she went immediately to the pool and found Dickie unconscious in the water. She attempted to give him mouth-to-mouth resuscitation and an ambulance was called, but the child subsequently died.

The lease executed by the Thomassons provided in part: ". . . Resident covenants that said 'Rules and Regulations' shall be adhered to by Resident . . . Rules and Regulations concerning the . . . use of swimming pool as published and displayed by Management shall be adhered to by Resident, his employees, invitees and licensees, and all other persons invited by Resident. . . *In no event, however, shall Management be liable to Resident for the violation by others of any Rules and Regulations or the breach of any covenant or provision in any lease. . .*" (Emphasis supplied.)

The pool rules were conspicuously posted and the first three rules recited:

"1. Hours of operation: 9:00 a.m. to 10:00 p.m.

"2. Management is not responsible for injuries or accidents. Swimming will be at your own risk.

"3. All children under 12 years must be accompanied by an adult for admission to pool area. Therefore the adult must exercise supervision over the child for its safety and compliance with these rules and regulations."

Paragraph 15 of the lease executed by the Thomassons provided that "Resident shall indemnify Management against all liabilities, expenses and losses incurred by Management as a result of (i) failure of Resident to perform any covenant required to be performed by him hereunder. . ."

Release clauses are ineffective to protect the landlord where his acts have been wilful and wanton (*Camp v. Roswell Wieuca Court Apts.,* 127 Ga. App. 67 (1) (192 SE2d 499)); nor can the implied warranty that the premises are in good repair at the time they are

rented be defeated by an exculpatory provision where the injury is caused by the sole negligence of the lessor. *Country Club Apts. v. Scott,* 246 Ga. 443 (271 SE2d 841) (1980). "The child's status as to trespasser, licensee or invitee is not determined by his age or his capacity. . . ." (*Oliver v. City of Atlanta,* 147 Ga. App. 790, 792 (2) (250 SE2d 519)), and "[t]he mere fact that such child is an infant of tender years and unable to appreciate the danger of a particular situation as . . . would an adult does not alter the relation of the parties nor render the owner . . . liable to him where he otherwise would not be liable [Cits.]." *Handiboe v. McCarthy,* 114 Ga. App. 541 (1) (151 SE2d 905). Because the facts establish that the child was inside the pool inclosure contrary to pool regulations (i.e., before the pool opened and without adult supervision) the conclusion is inevitable that Dickie was a trespasser (i.e., a licensee, at best), and appellant would be liable only for affirmative acts amounting to wilfulness and wantonness. *Baxley v. Williams Const. Co.,* 98 Ga. App. 662, 670 (106 SE2d 799). The absence of evidence of wanton or wilful acts by appellant bars recovery.

Additionally, under any circumstances no higher degree of care on the part of the appellants than ordinary care arose as a matter of law because no wilful or wanton acts were alleged or shown by the evidence. Compare *Camp v. Wieuca Roswell Apts.,* supra, p. 68 (1) (c). In any event, the pretrial order, which controlled the trial of the case, limited the issue to the extent of and causality of the negligence of both parties, and no implied warranty of good repair was involved. Therefore the release provision in the lease agreement, if valid, is controlling.

We do not consider the language of the indemnity clause to be too vague to serve as a release as was true in *Scarboro Enterprises v. Hirsh,* 119 Ga. App. 866 (2) (169 SE2d 182). Rather, here as in *Ga. State Tel. Co. v. Scarboro,* 148 Ga. App. 390, 391 (2) (251 SE2d 309), "[a]lthough the language in the agreement is not sufficiently explicit to indemnify the [appellants] against liability resulting strictly from its [management's] own [sole] negligence, it is sufficient to require indemnification for damages resulting from a combination of its negligence and [Mr. Thomasson's] negligence." While the evidence supported the jury's finding of negligence on the part of appellants, it also mandated the conclusion that Mr. Thomasson was negligent as to the care and control of the child in his custody. " 'When a child wakes up in the morning in his father's house, the duty of providing a safe playground for him during the day rests upon his parents. . . .' [Cits.]" *Savannah &c. R. Co. v. Beavers,* 113 Ga. 398, 404 (39 SE 82). Cf. *Wright v. Shoney's of Savannah,* 141 Ga. App. 362, 363 (233 SE2d 474); *McCall v. McCallie,* 48 Ga. App. 99 (1) (171 SE 843). Therefore,

the failure of Mr. Thomasson to abide by the lease agreement whereby he covenanted to obey the pool rules prohibiting entry to children under 12 not accompanied by an adult, or when the pool hours were not in effect, created a contractual bar to liability under the indemnity clause to the lease. Alternatively, Dickie's status in the pool area, under the pleadings and evidence presented, bars recovery. Accordingly, it was error to deny appellant's motions for directed verdict and j. n. o. v.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED JUNE 2, 1980 — DECIDED NOVEMBER 4, 1980 —

*Edward L. Savell,* for appellants.
*Roy E. Barnes,* for appellee.