## 61183. GREGORY et al. v. JOHNSON et al.

BIRDSONG, Judge.

Wrongful Death — Attractive Nuisance. The Gregorys' (appellants) two-year-old infant was drowned in the Johnsons' (appellees) swimming pool. At the time of the drowning, the infant and his father were visiting in the neighborhood and the child's presence was unknown to the Johnsons, and in fact the Johnsons were not at home at the time of the incident. The pool was beside the house, was not fenced off, and was bordered on two of the remaining sides by intersecting streets. It contained a slide and other accoutrements which, as contended, might well have attracted a young child. Appellants offered proof that the Johnsons had actual knowledge of the frequent presence of children in the area and had been warned that there was a likelihood of injury to a child. Appellants sued for the wrongful death of their child, asserting that the Johnsons maintained an attractive nuisance under the circumstances presented to the child. Appellants' complaint terminated with the grant of summary judgment to the Johnsons. This appeal followed. *Held:*

We affirm. There was no error by the trial court in refusing to hold as an attractive nuisance the presence of the swimming pool on the privately owned real property of the Johnsons. "One who makes an excavation upon his land is not bound to so guard it as to prevent injury to children who come upon it without his invitation, express or implied, but who are induced to do so merely by the alluring attractiveness of the excavation and its surroundings." *Savannah F. & W. R. Co. v. Beavers,* 113 Ga. 398 (39 SE 82) (1901). This decision has been cited, applied to swimming pools, and adhered to up to the present. *Higginbotham v. Winborn,* 135 Ga. App. 753, 756 (218 SE2d 917) (1975); *Poston v. Vanderlee,* 144 Ga. App. 833 (242 SE2d 727) (1978); *Odom v. Lee,* 145 Ga. App. 304 (243 SE2d 699) (1978); *Oliver v. City of Atlanta,* 147 Ga. App. 790 (250 SE2d 519) (1978). Where a child who is upon the premises of others is a trespasser without the knowledge of the owner, although the owner may reasonably have anticipated the presence of the child, the owner is not liable for the injury, since he is liable to a trespasser only for a wilful and wanton act. *Brooks v. Logan,* 134 Ga. App. 226, 229 et seq. (213 SE2d 916) (1975). There can be no liability without the infringement of a legal duty. *Laite v. Baxter,* 126 Ga. App. 743, 749 (191 SE2d 531) (1975). Although the victim is a child this does not affect the legal status, since in such a case "our appellate courts have ruled that neither age nor capacity, mental or physical, is a factor of consideration." *Blair v. Manderson,* 126 Ga. App. 235, 236 (190 SE2d 584) et seq. (1972).

One of the leading and early cases of the doctrine of attractive nuisance in this state is found in *Ferguson v. Columbus &c. R.,* 75 Ga. 637 (the turntable case). That case, however, highlights a distinction between property generally available to the public and privately owned real property. The facts of that case show no concern for the status of the little girl, i.e., whether she was a trespasser, a licensee, an invitee, or a guest. Moreover, the facts show that the public had routinely used the railroad property for a long time as a thoroughfare with full knowledge of the railroad. The question did not resolve itself therefore on the basis of the status of the girl but the responsibility of the railroad toward one properly on the premises who was exposed to a device that could be considered attractive but was dangerous to a child.

On the other hand, a review of cases involving privately owned real property reflects that each of those cases in some degree involves the resolution of the question of the status of the injured party at the time of the injury. This is so because as hereinbefore indicated there is no duty to a trespasser to keep premises in a safe condition. *Savannah F. & W. R. Co. v. Beavers,* 113 Ga. 398, 400, supra. That case at page 413 lists numerous cases of other jurisdictions supporting the rule that the owner or occupier of land owes no duty of protection to trespassing children. In support of the same rule in this state, see *Beavers,* supra; *Oliver v. City of Atlanta,* supra; *Poston v. Vanderlee,* supra; *Crosby v. Savannah Electric &c. Co.,* 114 Ga. App. 193 (150 SE2d 563).

The facts of this case are very similar to though not as strong as the facts in the case of *Poston v. Vanderlee,* supra, for there the child lived in the neighborhood and played in various yards. That case involved a three-year-old child, an unfenced swimming pool, a removable ladder providing access to the deck surrounding the pool and on the day of the accident, the ladder had not been removed. In the *Poston* case Judge Shulman stated the principle that fits this case: "While this court is sympathetic to the great loss suffered by the bereaved parents, under the facts of this case appellees have failed to establish any duty owed which would provide a basis for actionable negligence."

The numerous cases that have considered and applied the doctrine of attractive nuisance reveal a certain diffusion in direction. Thus, while the majority of those cases applied the doctrine to incidents occurring at places where the public is invited or tacitly accepted (see *Savannah F. & W. R. Co. v. Beavers,* supra; *Etheredge v. Central of Ga. R. Co.,* 122 Ga. 853 (50 SE 1003); *Carter v. LaMance,* 40 Ga. App. 695 (151 SE 406); *Clinton v. Gunn-Willis Lumber Co.,* 77 Ga. App. 643 (49 SE2d 143)) some cases (such as those

involving standing bodies of water) decide the issue on whether the dangerous condition or instrumentality is a passive or static attraction or whether the premises contain dangerous active operations which excite curiosity. *Atlantic C. L. R. Co. v. O'Neal,* 180 Ga. 153 (178 SE 451); *O'Connor v. Brucker,* 117 Ga. 451 (43 SE 731); Hannan v. Ehrlich, 102 Ohio St. 176 (131 NE 504); and others are concerned with the question of whether the instrumentality itself is inherently dangerous as well as attractive (see *Southern Bell Tel. &c. Co. v. Brackin,* 215 Ga. 225 (109 SE2d 782); *Ryckeley v. Ga. Power Co.,* 122 Ga. App. 107 (176 SE2d 493)). In any event, it is clear that the courts of this state have been most reluctant to extend the principle beyond the holding in *Ferguson,* supra. See *Southern Bell v. Brackin,* supra; *O'Connor v. Brucker,* supra; *Atlantic C. L. R. Co. v. Corbett,* 150 Ga. 747 (105 SE 358). In any event, should we apply any of these theories of attractive but dangerous instrumentalities to this case, the evidence does not support a conclusion that a swimming pool with a slide and diving board is inherently dangerous or involves purposefully dangerous activity by the owner. Such facilities are static and require another independent overt action to cause injury. Our dissenting brothers apparently would make the mere presence of an unfenced swimming pool located on private property an attractive nuisance; to this concept we cannot agree. Thus, it is concluded that standing alone, a swimming pool on one's personal and private property does not constitute *per se* an attractive nuisance.

In this case it is not contended that the deceased child was present at the express invitation of the appellees. Moreover, it is not disputed that appellees did not have notice that the child was on their property at the time of his death. "That an owner may have permitted children to play upon his premises, or that there may be conditions thereon which are alluring to them does not amount to an implied invitation to children to go upon his land. *Southern Cotton Oil Co. v. Pierce,* 145 Ga. 130 (88 SE 672); *Atlantic C. L. R. Co. v. Corbett,* 150 Ga. 747, supra; *Atlantic C. L. R. Co. v. O'Neal,* 180 Ga. 153, supra; *Seaboard A. R. Co. v. Young,* 20 Ga. App. 291 (93 SE 29); *Manos v. Myers-Miller Furn. Co.,* 32 Ga. App. 644 (124 SE 357); *Haley Motor Co. v. Boynton,* 40 Ga. App 675 (150 SE 862); *Smith v. Ga. Power Co.,* 43 Ga. App. 210 (158 SE 371); *Brown v. Bone,* 85 Ga. App. 22 (68 SE2d 190)." *Montega Corp. v. Grooms,* 128 Ga. App. 333, 335 (1) (196 SE 459).

There being no question of disputed material fact remaining for jury resolution, the trial court did not err in granting summary judgment to the Johnsons.

*Judgment affirmed. Quillian, C. J., concurs. Deen, P. J.,*

*Shulman, P. J., Birdsong and Sognier, JJ., concur specially.*
*McMurray, P. J., Banke, Carley and Pope, JJ., dissent.*

DECIDED JULY 16, 1981 —

*Gary M. Wisenbaker, Joseph E. Vallotin,* for appellants.
*F. Thomas Young, William A. Turner, Jr.,* for appellees.

DEEN, Presiding Judge, concurring specially.
"When a child wakes up in the morning in his father's house, the duty of providing a safe playground for him during the day rests upon his parents." *Savannah F. & W. R. Co. v. Beavers,* 113 Ga. 398, 404 (39 SE 82) (1901). "It would normally be the duty of a parent or other adult to see to it that a child would not be going into a place of obvious danger." *Wright v. Shoney's of Savannah,* 141 Ga. App. 362 (233 SE2d 474) (1977).

*George R. Lane & Associates v. Thomasson,* 156 Ga. App. 313, 315 (274 SE2d 708) (1980) held that the father "... was negligent as to the care and control of the child in his custody."

In the case sub judice the infant and *his father* were visiting in the neighborhood. The parents have the primary responsibility of rearing, educating and safeguarding the child. To hold otherwise herein would be imposition of a societal, environmental, collectivist product liability type responsibility on every homeowner possessing a slide and swimming pool in his backyard as an insurer. The facts in this case should not be equated with keeping a loaded pistol in the top drawer of a child-size three to four-foot chest in the playroom of a residence, *Glean v. Smith,* 116 Ga. App. 111 (156 SE2d 507) (1967); nor does it involve a landowner in a residential area who allows members of a family to plant a garden on its land, acquiesces in children playing there, who dug 14-foot temporary pits which filled with muddy, mucky, viscous matter, and who failed to reduce the danger to children after being notified there, *Montega Corp. v. Grooms,* 128 Ga. App. 333 (196 SE2d 459) (1973); nor does it involve the negligence, if any, of a temporary custodian of an infant decedent, *Laite v. Baxter,* 126 Ga. App. 743 (191 SE2d 531) (1972).

We must affirm. I am authorized to state that Presiding Judge Shulman and Judge Birdsong and Judge Sognier concur in this special concurrence.

CARLEY, Judge, dissenting.
Since I cannot agree that the trial court correctly granted summary judgment in this case, I must respectfully dissent.

The major case upon which the majority relies is *Savannah, F. & W. R. Co. v. Beavers,* 113 Ga. 398 (39 SE 82) (1901). *Beavers* is oft cited as the case which limited — almost to the point of creating permanent atrophy — the doctrine of attractive nuisance as adopted in Georgia in the case of *Ferguson v. Columbus & Rome, R.,* 75 Ga. 637 (1885); s.c., 77 Ga. 102 (1886). *Ferguson* held that "[w]here a railroad company leaves a dangerous machine, such as a turn-table, unfastened in a city, on a lot which is not securely inclosed, and where people and children are wont to visit it and pass through it, this is negligence on the part of such company; and where an infant of ten or twelve years of age resorted to the turn-table, and in riding upon it was dangerously and seriously injured, the railroad company is liable for damages for such injuries to the infant." *Ferguson,* 77 Ga. 102 supra.

I submit that the attractive nuisance doctrine or the "turn-table" doctrine as introduced into Georgia by *Ferguson* remains extant. I do not share the majority's apparent belief that *Beavers* effected a total paralysis of the common sense and justice-serving principle of *Ferguson.* As this court stated in *Carter v. LaMance,* 40 Ga. App. 695 (151 SE 406) 15 (1929), ". . . the statement [in *Beavers*] that it 'will not be extended' [does not] mean that it will not be applied." Further, in *Carter,* this court recognizes that "[t]he judgment in the *Beavers* case was reversed, not because the principle of the turn-table cases as laid down in the *Ferguson* case was not sound, but because 'the case of *Ferguson v. Railroad Co.,* supra, is not authority which is *applicable to the facts of the [Beavers] case under consideration.*' . . . The facts of the case now under consideration clearly bring it 'strictly and fully within the principle' of the turn-table cases as laid down in the *Ferguson* case, supra." *Carter,* supra, 699. As was true in *Carter,* the facts sub judice fit squarely, logically and appropriately under the umbrella of the admittedly narrow but nevertheless viable doctrine of attractive nuisance.

I think it clear that the majority believes that the rationale of *Beavers* supports the granting of summary judgment to defendants because of this court's determination that attractive nuisance has no application to ponds, streams, and other water hazards. See *Montega Corp. v. Grooms,* 128 Ga. App. 333, 337 (4) (196 SE2d 459) (1973). However, I consider it essential in the resolution of this case that we recognize that we are not dealing simply with ponds, streams, or other water hazards. In this case there was not only a man-constructed swimming pool which was unguarded and easily accessible but also — and more importantly — there was on ground level an even more accessible slide which emptied into the pool. The plaintiffs' complaint in this case alleged that "[t]he water slide was of the same

design and nature as that of a playground area used by children and therefor[e] by its own design likely to attract children." That complaint further averred that "defendants refused to fence the pool area when they had actual knowledge of the frequent presence of children in the area and after being warned that there was a likelihood of injury to said children . . ." Although these assertions were denied in the defensive pleadings, the affidavits filed by both appellees did not refute these specific allegations so as to pierce the pleadings sufficiently to authorize the granting of summary judgment. Even if we were bound to apply blindly to this swimming pool case the questionable pronouncement of the previous "body of water" cases, I cannot see how we can characterize the slide and the swimming pool together as being other than an "attractive nuisance."

I am fully cognizant of the necessity of adhering to established precedent. I am also aware of the danger of stretching exceptions beyond the natural elasticity allowed. However, I do not view my analysis of this case as being other than the proper application of the Georgia doctrine of attractive nuisance. I sincerely believe that this is one of the few static condition/trespasser cases wherein there exist genuine issues of material fact for resolution by a jury. I would reverse the judgment of the trial court.

I am authorized to state that Presiding Judge McMurray, Judge Banke and Judge Pope join in this dissent.

BANKE, Judge, dissenting.

To me it defies logic to believe that a greasy, hot and smelly turntable machine in a commercial area would be more of an attractive nuisance to children than a nice, cool swimming pool, with a slide, on an unfenced corner lot, on a sunny day, in a residential area where many children are fully expected to be every day.

I think the time has come for this Court to face the reality of a changing society and say that reasonableness should prevail in the protection of children and property owners. Accordingly, I dissent and concur in Judge Carley's dissent.

I am authorized to state that Judge Carley joins me in this dissent.