[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (129)
The defendants, Jose and Iris Santiago, possess land and had a residence at 3 Gold Street, Meriden, Connecticut. The plaintiff's complaint alleges that on September 7, 1986, and for some time prior thereto, the defendants maintained a dangerous condition on the premises in that they kept a loaded rifle or shotgun which was made available for use by anyone. The complaint further alleges that the defendants knew or should have known that the condition involved an unreasonable risk of serious injury to children who were likely to be lawfully present on the premises. On September 7, 1986, the plaintiff Lauren Northup, age 17, was at the defendants' residence and was seriously injured when a second child, age 16, caused the shotgun to go off, striking the plaintiff between the hips.
The defendants have moved for summary judgment citing three reasons. The defendants claim that the plaintiff is too old and mature to qualify for this cause of action, that the plaintiff was aware of the danger posed by a loaded weapon and that this particular weapon was loaded, and that a loaded weapon fired by someone else is more than simply a "condition" on the property such that the plaintiff cannot prevail in this cause of action.
Summary judgment should be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Dougherty v. Graham, 161 Conn. 248, 250 (1971). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Id.
In Wolfe v. Rehbein, 123 Conn. 110, 113 (1937), our Supreme Court adopted the rule of the Restatement (Second) of Torts 339. As defined in Greene v. DiFazio, 148 Conn. 419, 422
(1961), the rule of 339 "subjects the possessor of property to liability for harm caused to young children trespassing thereon by a condition which he maintains if (a) he knows of or should know that young children are likely to trespass; (b) the condition is one of which he knows or should know and which he realizes or should realize involves an unreasonable risk of serious injury to such children; (c) the children because of their immaturity do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by CT Page 7574 it; and (d) the utility to the possessor in maintaining the condition is slight as compared to the risk to the children. Greene, 148 Conn. at 422.
The defendants first argue that the seventeen-year-old plaintiff is too old and mature to satisfy the test of Rehbein and Restatement (Second) 339. The rule is "no longer limited to `young' children so long as `the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it.'" Dougherty, 161 Conn. at 253 quoting Restatement (Second), 2 Torts 333 and comment c. Moreover, one court has declared, "it would appear that until the age of majority. . .each child is to be gauged on a sliding scale, partly on an objective basis and partly on a subjective basis." Parzych v. Branford,20 Conn. Sup. 377, 381 (1957) quoting Wright, Connecticut Law of Torts, p. 106. In view of the subjective element involved in determining whether a child is sufficiently old and mature to appreciate the risk present in a particular situation, the chronological age of the plaintiff does not provide a sufficient basis upon which to render summary judgment. See generally, Batick v. Seymour, 186 Conn. 632, 646-47 (1982) (summary judgment inappropriate when questions deal with subjective feelings and reactions).
The defendants next claim that summary judgment is warranted because the plaintiff stated at his deposition that he was aware the gun posed a danger and aware the weapon was loaded. See Exhibit A p. 20, 51-52. Therefore, the defendants claim that the plaintiff is unable to prove the elements necessary under paragraph (c) of 339 and that his cause of action must fail. The plaintiff's affidavit, however, states that he was "mistaken as to the hazard presented by the firearm and . . . unsure as to whether the weapon was loaded." Under such circumstances, there remains a genuine issue of fact concerning whether the plaintiff realized the risk involved in intermeddling with the weapon or coming into the area made dangerous by it. See Dzenutis v. Dzenutis, 200 Conn. 290, 306 (1986).
Lastly, the defendants argue that a loaded weapon fired by someone else constitutes more than a condition on the property and that the plaintiff's cause of action should therefore be subject to summary judgment. In support of their position the defendants cite Teter v. Clemens, 492 N.E.2d 1340, 1343 (Ill. 1986), where the court reasoned that "the circumstances alleged present more than just a condition existing on the defendant's property . . . the action is based on an additional element, the third party who found the pellet gun and discharged it."
Other courts, however, have imposed liability upon those CT Page 7575 individuals through whose negligence a child has gained access to a gun and subsequently fired the gun seriously injuring another child. Gilbert v. Sabin, 256 N.W.2d 54 (Mich.App. 1977); Glean v. Smith, 156 S.E.2d 507 (Georgia App. 1967). In Gilbert, where a boy shot his brother after gaining access to a loaded weapon in the defendant's garage, the court imposed "liability upon possessors of land who with knowledge that there have been in the past, and are presently, young children on their property accompanying business visitors, nevertheless fail to take steps to ensure that in the course of their wanderings such children do not come into possession of loaded weapons." Gilbert,256 N.W.2d at 56. In Glean, the six-year-old plaintiff was a playmate of the defendant's children, the defendant kept a loaded pistol in the top drawer of a child-size bureau, and the defendant's young son removed the pistol from the drawer and discharged the weapon causing the plaintiff serious injury. Glean, 156 S.E.2d at 508. The Glean court held that "as to an infant, the owner of premise, on which a dangerous thing exists may in legal duty be bound to use a greater quantum of precaution in behalf of such infant licensee than he would in behalf of an adult invited guest." Id.
The logic of the Gilbert and Glean courts persuades the court that individuals who negligently allow young children to gain access to loaded weapons on their property may be deemed legally responsible for permitting a dangerous condition on their land. Thus, a property owner may be subject to liability if a child fires the gun injuring another child.
For the reasons stated, the defendants motion for summary judgment is denied.
Dorsey, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 7585