### 56248, 56249. OLIVER v. CITY OF ATLANTA (two cases).

BIRDSONG, Judge.

These appeals, which will be treated as one as the issues and evidence are the same in each case, are from the grant of summary judgment for the appellee. Appellants sued the City of Atlanta for the death of their nine-year-old son who drowned in a pool owned by the City on April 9, 1975. *Held:*

1. The facts show that the area in question had at one time been created by a developer of a subdivision as a park and had been used as a recreational facility by residents of the neighborhood. Located on the premises were playground equipment, a baseball diamond, swimming pool, and bath house. The playground was enclosed by a fence with a gate for access to the playground. The swimming pool had a fence surrounding it. There is a question as to whether the gate to this area was chained and locked. The door to the bath house had been boarded up and nailed in addition to the lock on the door.

On the fence were posted "Private Property" and "Keep Out" signs. On the door to the bath house, there was

also a "Keep Out" sign. This door had been broken and appeared to have been pulled away. The area around the bath house and pool had grown up with weeds and vines. The pool was full of murky water which was allowed to remain to prevent cracking of the pool walls. Appellants admit that the swimming pool was not open to the public at the time of their son's death, nor is it disputed that the park was not opened to the public until July, 1976. It also appears that the city purchased the property at the request of community residents, but that the Parks Department of the city made it clear that no money was available at the time of purchase to develop the property into a park.

An employee of the city, the southwestern district maintenance supervisor, stated that on April 9, or within a few days of that date, he was instructed to clean up the area in question, that when he arrived at the scene he found "the place had been barricaded; we found a sign on the door saying, 'Keep Out.' And the door had been broken down, jagged on the edges like it was torn away and pulled off, and that's what we found." He further testified that the only way to get to the bath house was to climb the fence as the gate was locked and the chain link fence was approximately ten feet high. The father of the deceased child testified that on the date of the child's death, the gate to the swimming pool was not locked.

Appellants' claims are premised upon three theories of liability: nuisance, negligence, and negligence per se. Specifically, appellants contend that the deceased child was an invitee to whom the City of Atlanta owed the duty of ordinary care in maintaining safe premises. Appellants argue that the city was aware of the presence of children in the area and was bound to exercise ordinary care to avoid injury to them. *Perry Bros. Transp. Co. v. Rankin,* 120 Ga. App. 798, 799 (172 SE2d 154). The City of Atlanta contends that the child was a trespasser to whom no duty was breached. *Montega Corp. v. Grooms,* 128 Ga. App. 333 (196 SE2d 459).

From the grant of summary judgment in favor of the City of Atlanta, appellants contend: (a) there exist genuine issues of material facts to be determined by a jury; (b) a jury should decide whether appellee was guilty

of maintaining a nuisance; (c) a jury should determine the legal status of appellants' son to determine whether the city breached its duty in failing to correct an alleged hazardous condition of the swimming pool.

2. The child's status as to trespasser, licensee or invitee is not determined by his age or his capacity, mental or physical. *Crosby v. Savannah Elec. &c. Co.,* 114 Ga. App. 193, 196 (150 SE2d 563); *Atlanta &c. R. Co. v. West,* 121 Ga. 641, 646 (49 SE 711); *Montega Corp. v. Grooms,* supra. The fact that children may have been permitted to play on the land or premises, or that there may be conditions thereon which are alluring to them does not amount to an implied invitation to children to go upon that land. *Brown v. Bone,* 85 Ga. App. 22 (68 SE2d 190); *Montega Corp. v. Grooms,* supra. Rather, the fact that the appellee had upon its premises a chain fence indicates and demands the conclusion that there was a lack of invitation to the public to come upon the premises. The evidence presented thus compels the conclusion that the deceased was a trespasser to whom appellee would be liable only for affirmative acts amounting to wilfulness and wantonness. *Baxley v. Williams Const. Co.,* 98 Ga. App. 662, 670 (106 SE2d 799). The result is unchanged even where the landowner has knowledge of the trespasser. *Brooks v. Logan,* 134 Ga. App. 226 (2) (213 SE 2d 916).

3. Appellants contend that the pool located on appellee's property was a mantrap. With this premise, we must disagree. In *Crosby v. Savannah Elec. &c. Co.,* supra, Judge Eberhardt compiled a thorough list of cases in which the court determined that no mantrap existed. The pool in question was not a mantrap.

4. Appellants cite as controlling the case of *City of Gainesville v. Pritchett,* 129 Ga. App. 475 (199 SE2d 889). In the *Pritchett* case, the alleged nuisance was a ski ramp on Lake Lanier, *a waterway open to the public.* In the case sub judice, it is clear that the swimming pool was not open to the public, as evidenced by the "Keep Out" and "Private Property — Keep Out" signs and a ten-foot chain link fence, and the admission of the appellants.

5. Code Ann. § 81A-156 (e) provides in part: "When a motion for summary judgment is made and supported as

provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." The evidence showed conclusively that the deceased child was a trespasser to whom no duty was breached; summary judgment in favor of the City of Atlanta was therefore demanded. *Poston v. Vanderlee,* 144 Ga. App. 833 (242 SE2d 727); *Odom v. Lee,* 145 Ga. App. 304 (243 SE2d 699).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED OCTOBER 12, 1978 — REHEARING DENIED OCTOBER 30, 1978.

*Kutak, Rock & Huie, Felker W. Ward, Jr., Paul A. Howell, Jr.,* for appellants.

*Ferrin Y. Mathews, Charles M. Lokey,* for appellee.