37917. GREGORY et al. v. JOHNSON et al.

CLARKE, Justice.

We granted certiorari to determine if the facts of this case present a jury issue on the liability of a landowner under the doctrine referred to as attractive nuisance. In a five to four decision, the Court of Appeals held the defendants were entitled to judgment as a matter of law. *Gregory v. Johnson,* 159 Ga. App. 320 (283 SE2d 357) (1981). We reverse.

The Gregorys brought a wrongful death action to recover for the death by drowning of their two-year-old child in a swimming pool owned by the Johnsons. The Johnsons' home is on a corner lot in a residential area. The pool is situated in their side yard and is equipped with a diving board and a slide which emptied into the pool. Neither the yard nor the pool was fenced in or barricaded in any way. Mr. Gregory had taken his son to visit friends who were neighbors of the Johnsons. At some point during the visit it was noticed that the child was missing. He was found fully clothed and drowned in the pool.

The Gregorys sued the Johnsons on the grounds of negligence

and the maintenance of an attractive nuisance. The Johnsons' home is three blocks from an elementary school. The Gregorys contended that young children were known to be in the vicinity of the pool and that the Johnsons had been warned about the presence of children and had refused to erect a fence to protect them. They further contend that the presence of a playground-type slide on an open lot is likely to attract children to play and that a young child could not appreciate the dangers of a slide over water. The complaint alleges that the failure of the Johnsons to take any precautions to guard against injury to children under these circumstances is a breach of duty which gives rise to recovery under theories of negligence and attractive nuisance.

The Johnsons answered denying negligence, and asserting that the Gregorys were contributorily negligent in failing to attend to the child. The Johnsons then moved for summary judgment which was supported by affidavits setting forth the following: (1) They were not at home at the time of the death of the child; (2) the child was not invited upon the premises; and (3) they had no knowledge of the presence of the child on the premises prior to the discovery of the body. Based upon the evidence submitted by these affidavits the trial court granted summary judgment.

The Court of Appeals' affirmance was based upon the early decision in this Court of *Savannah, F. & W. R. Co. v. Beavers,* 113 Ga. 398 (39 SE 82) (1901) and its progeny. In *Beavers,* a five-year-old drowned when he fell into an uncovered construction excavation which had filled up with water. The court held that the child was a trespasser to whom no duty was owed. The findings state there was no evidence that the defendant had knowledge of the presence of children around the excavation. In deciding no duty was owed to the child the court engaged in a long discussion of attractive nuisance and dangerous instrumentalities upon land which may attract children. See *Beavers,* pp. 400-413. The opinion recognized the split of authority which then existed in the various jurisdictions and held that the fact a trespasser may be a child of tender years does not change the rule that a landowner owes no duty to a trespasser to keep the premises safe.

The *Beavers* court did not overrule but declined to apply the existing "turntable doctrine" established in *Ferguson v. Columbus & Rome Railway,* 75 Ga. 637 (1885). The early railroad turntable cases are generally credited as the beginnings of what became known as the attractive nuisance doctrine in American jurisprudence. Prosser, Trespassing Children, 47 Cal. L. Rev. 427 (August 1959). The turntable in *Ferguson* was in the railroad yard and left unsecured in an area known to be frequented by the public. A ten-year-old child was injured while apparently riding on it. The court held the child could

recover for the negligence of the railroad.

The ruling of the *Ferguson* court has been held to be limited to inherently dangerous instrumentalities, which are attractive to children. *Southern Bell Tel. &c. Co. v. Brackin,* 215 Ga. 225 (109 SE2d 782) (1959). The frequency with which the courts of this state have declined to follow *Ferguson* has been criticized. Torts — The Attractive Nuisance Doctrine in Georgia — A Plea For Its Reincarnation, 23 Mer. L. Rev. 431 (1972). In *Montega Corp. v. Grooms,* 128 Ga. App. 333, 337 (196 SE2d 459) (1973), the court made the statement that "The turntable or attractive nuisance doctrine does not apply to ponds or other water hazards." *Montega,* like *Beavers,* involves a child who drowned in an excavation which filled with water. The court reasoned that maintenance of a pond does not create an unreasonable risk of harm. The cases cited in *Montega* deal with ponds and excavations. *Montega,* supra, at 337, 338.

The rule that the attractive nuisance theory does not apply to water hazards was expanded to include residential swimming pools. *Poston v. Vanderlee,* 144 Ga. App. 833 (242 SE2d 727) (1978). In *Poston,* a three-year-old was found drowned in a pool maintained by a neighbor. The unfenced pool was above ground and accessible by a ladder. On the day of the death the ladder was in place. On summary judgment the court held no duty had been breached.

*Poston* was relied on in establishing the right to summary judgment in the present case. The Johnsons also relied on *Odom v. Lee,* 145 Ga. App. 304 (243 SE2d 699) (1978), and *Oliver v. City of Atlanta,* 147 Ga. App. 790 (250 SE2d 519) (1978). In *Odom* a six-year-old child was found drowned in a neighbor's pool; however, the similarity with the instant case ends there because the pool was enclosed by a chain link fence and padlocked. *Oliver* involved a pool which was located in a park owned by the City of Atlanta. The pool was not open to the public, the bath house was boarded up and there was a fence enclosing the entire area. There were signs posted to "Keep Out." A nine-year-old child made his way into the pool and drowned. The court again held no duty was breached.

There is no question but that the deceased child in this case was a trespasser. "One's status as a trespasser, licensee or invitee is not determined by his age or his capacity, mental or physical." *Montega,* supra at 335.

The theory of attractive nuisance arose to protect trespassing children in circumstances where their presence could be reasonably anticipated and measures to protect them could be undertaken without placing a heavy burden upon the owner's unrestricted use of his land. See Prosser, Sec. 59, Law of Torts (4th Ed., 1971). Prosser states that since the 1920's the trend in the law of trespassing children

has been to shift from the legal fiction of attractive nuisance to foreseeability of harm and traditional concepts of negligence. This approach has also been recognized though not much applied in Georgia. "In the taxonomy of negligence law, the attractive nuisance doctrine is but another way of saying that under given circumstances the defendant is liable for the consequences of his negligence where he should in the exercise of ordinary care have foreseen that harm would result to an infant trespasser whose presence he should have anticipated." *Starland Dairies, Inc. v. Evans,* 105 Ga. App. 813, 815 (125 SE2d 682) (1962). This view was adopted generally in the 1934 Restatement of Torts and modified in the Second Restatement of Torts, § 339, 1965. These principles are discussed in the dissent in *Montega Corp. v. Grooms,* supra at 341-347.

The Restatement Second sets forth five conditions which must be met to sustain a cause of action for trespassing children.

"§ 339. Artificial Conditions Highly Dangerous to Trespassing Children

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children." Comment (b) to this section notes that the rule as stated is followed in the majority of states in this country. In comment (j) it is stated that the rule generally does not apply to dangers of fire, falling from heights, and water. These are said to be normally understood by children absent other factors creating additional risks of harm or foreseeable dangers to children who cannot appreciate the nature of the harm. A swimming pool in a residential setting is often found to be a condition which could present issues of negligence and foreseeable risk of injury. See 88 ALR3d 1197.

The application of the Restatement rule leads to different results when dealing with a natural pond and water hazards associated with industry as opposed to recreational swimming pools located in areas where children are known to play. See Premises Liability, §§ 174-180, 62 AmJur2d 450.

We find the approach of the Restatement on this issue is sound and not in conflict with the laws of this state as first expressed in *Ferguson.* A landowner is not an insurer of the safety of children, even if he chooses to build a swimming pool. "While it is actionable negligence for one to leave unguarded on a part of his own premises, which he knows is frequented by children of tender years for the purpose of play, a dangerous thing or condition which may injure such children, he is not required to provide against remote or improbable injuries to children playing upon his land." *McCall v. McCallie,* 48 Ga. App. 99, 100 (171 SE 843) (1933). The duty imposed is to exercise reasonable care to prevent *foreseeable* injury, not to protect against any injury.

If all of the first four conditions of the Restatement are found to exist, it must also be proved that "the possessor fails to exercise reasonable care to eliminate the danger or otherwise protect the children." Restatement § 339 (e). The results reached in the opinions in *Odom* and *Oliver* would not be inconsistent with the Restatement because the erection of a fence or other enclosure around a pool is generally held to be all that is required of a landowner in the exercise of reasonable care. See cases in Premises Liability, § 180, 62 AmJur2d 457.

Under the facts of the present case the Johnsons have established that the child was not invited and that they had no knowledge of the presence of that particular child. These facts do not establish an absence of negligence as a matter of law in the face of the allegations and evidence of the Gregorys. Issues exist as to the Johnsons' knowledge of the presence of children who cannot appreciate the danger, and if they had reason to know of the dangers whether the failure to erect a fence, under all of the circumstances amounts to a failure to exercise reasonable care.

The Court of Appeals' affirmance of summary judgment in this case is also based upon the premise that it is the duty of the child's parents to provide for his safety. In their answer, the Johnsons contend that if they were in fact negligent that the deceased's parents were contributorily negligent in attending to the child so as to bar or proportionately reduce any recovery. The issue of the Gregorys' negligence, like the issue of the Johnsons' negligence, is a question for the jury in this case.

*Judgment reversed. All the Justices concur, except Jordan, C. J.,*

*Marshall and Weltner, JJ., who dissent.*

DECIDED MARCH 10, 1982.

Langdale, Vallotton & Hickman, Joseph E. Vallotton, Gary M. Wisenbaker, for appellants.

F. Thomas Young, William A. Turner, Jr., for appellees.