A89A0011. ADAMS v. ATLANTA FAITH MEMORIAL CHURCH, INC. et al.

(381 SE2d 397)

DEEN, Presiding Judge.

The DeKalb County Superior Court awarded summary judgment to appellee Atlanta Faith Memorial Church, Inc. ("the church"), on a negligence claim filed against the church in connection with the drowning of appellant Adams' six-year-old son in a fenced retention pond located in a fenced, wooded area owned by the church and situated adjacent to the apartment complex in which appellant and appellant's decedent lived. The church moved for summary judgment and the trial court, relying on the Restatement (2d) of Torts (1965), § 339, and *Gregory v. Johnson*, 249 Ga. 151 (289 SE2d 232) (1982), made findings of fact and conclusions of law and held that the facts of the case placed the defendant "within the exemption from liability to trespassing children for known and obvious risks." The church's motion for summary judgment having been granted, Mrs. Adams appeals, alleging that the trial court erred as a matter of law in granting summary judgment because genuine issues of material fact remained as to two of the five elements set forth in the Restatement (2d) supra, for making the pond an "attractive nuisance." *Held*:

The Restatement (2d) of Torts, § 339, sets forth five conditions which must exist in order for a plaintiff to recover in an action involving trespassing children: "(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize would involve an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and (e) the possessor fails to exercise

reasonable care to eliminate the danger or otherwise to protect the children." These requirements are stated in the conjunctive; that is, all five must co-exist if the cause of action is to be sustained.

Appellant contends that genuine issues of material fact exist as to the first and fifth of these requirements and that summary judgment is therefore precluded. The evidence would indicate otherwise, however. The retention pond was surrounded by woods and was located out of sight of the apartment complex, which occupied land on both sides of the church's property, and also out of sight of any other property adjacent to the church's property. Moreover, a chain link fence separated the church property from the apartment property, and a second chain link fence enclosed the pond itself. It is undisputed that the Chatman child (the decedent), who could not swim, and a friend or friends had entered the church's property without the permission or knowledge of appellee, and that, while they were playing near the edge of the pond, a playmate pushed the decedent into the pond.

There is a consistent line of Georgia cases in which ponds have been held not to be "attractive nuisances" as a matter of law. See, e.g., *Gregory v. Johnson*, 249 Ga. 151, 153, supra; *Montega Corp. v. Grooms*, 128 Ga. App. 333, 337 (196 SE2d 459) (1973). In *Montega* a pond excavated for the purpose of burying debris on a construction site was separated by a chain link fence from adjacent property; there was held to be no genuine issue of material fact, and this court held that summary judgment should have been awarded to defendant. In *Epps v. Chattahoochee Brick Co.*, 140 Ga. App. 426 (231 SE2d 443) (1976), a six-year-old boy drowned in a pond located in an unfenced wooded area some 900 feet from the apartment complex where the boy lived; the defendant was awarded summary judgment. In *Gregory v. Johnson*, supra, the site of the drowning of a two-year-old was the defendant's swimming pool, located in an unfenced yard on a corner lot in a residential area three blocks from an elementary school. There the Supreme Court found certain jury issues as to whether defendants should have known of children's presence and should therefore have erected a fence, but the Court emphasized, at 154, that the presence of a swimming pool in a residential area is distinguishable from such occasional dangers as fire, water, and falling from heights, which "are said to be normally understood by children."

Appellant relies on *Gregory*, supra, in support of its contentions and makes the special assertion that the fences were not maintained in a sufficiently secure condition as positively to prevent unauthorized entry. We find that *Gregory* is clearly distinguishable on its facts and does not support appellant's allegations, the instant case being more nearly analogous to *Epps* and *Montega*, supra, than to *Gregory*.

Our examination of the entire record and our survey of relevant

law indicate that the requirements for summary judgment were met in the instant case, and that there was no error below. OCGA § 9-11-56.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 3, 1989.

*McGinn, Webb & Warner, James H. Webb, Jr.*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Rex D. Smith, Stefan E. Ritter*, for appellees.