A93A1752. POPE et al. v. WORKMAN et al.
(439 SE2d 86)

BIRDSONG, Presiding Judge.

Richard Lee and Lori Lynn Pope appeal the grant of summary judgment to Richard and Mary Workman on the Popes' claims arising from injuries suffered by Richard Pope in the Workmans' swimming pool while he was a social guest. Richard Pope is paralyzed from the chest down. The Popes contend the Workmans negligently caused Richard Pope's injuries because the swimming pool was not marked with depth markings, there were no warning signs of any kind, the Workmans served alcoholic beverages, and the pool was not con-

structed properly.

The evidence shows that Pope was a friend of the Workmans' son, was a somewhat frequent visitor to the Workmans' home, and had been in this pool on other occasions. According to the Popes, the usual practice was for them to "lay out" around the pool, and although not really swimming, they would get in and out of the pool to cool off. Indeed, Richard Pope was in the pool earlier on the day he sustained his injury.

Because Pope has no recollection of the incident and no one who may have witnessed the event related what they observed, there is no competent evidence of how he was injured. There is evidence, however, that Richard Pope was observed in the pool in distress and after he was rescued, he had a bruise on the middle of his forehead. Neither Richard nor Lori Pope contends that Richard was intoxicated at the time of his injury. *Held*:

Mere ownership of the swimming pool does not make the Workmans liable for Richard Pope's injuries; an owner is not an insurer of social guests, and the Workmans are not presumed negligent merely because Richard Pope sustained his injury while rightfully on their premises. *Speaks v. Rouse Co. of Ga.*, 172 Ga. App. 9, 11 (321 SE2d 774). Further, as a social guest, Pope's legal status was as a licensee. *Sims v. Willoughby*, 179 Ga. App. 2, 3 (345 SE2d 626); *Barry v. Cantrell*, 150 Ga. App. 439, 440 (258 SE2d 61). Thus, under Georgia law the Workmans owed Pope the duty not to wilfully and wantonly injure him (*Sims v. Willoughby*, supra; *Ramsey v. Mercer*, 142 Ga. App. 827, 830 (237 SE2d 450)), and they could not knowingly let Pope run upon a hidden peril on their premises or wilfully cause him harm. *Patterson v. Thomas*, 118 Ga. App. 326, 327 (163 SE2d 331).

In this instance, Richard Pope was familiar with this swimming pool; he knew its depth and where the deep and shallow ends were located. Here, Pope went into this situation with his eyes wide open and he had the opportunity to measure the risks, if any. *Murphy v. D'Youville Condo. Assn.*, 175 Ga. App. 156, 157 (333 SE2d 1). Accordingly, the lack of warning signs and markings around the pool were not factors. Further, the Popes have identified no defect in the pool's construction that was related to Pope's injury. Therefore, as there is no evidence the Workmans violated any duty they owed Pope, the trial court did not err by granting summary judgment. *Sims v. Willoughby*, supra.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 3, 1993.

*Paul S. Weiner*, for appellants.

*Beck, Owen & Murray, Samuel A. Murray*, for appellees.