A94A1803. BOWERS et al. v. GRIZZLE et al.
(448 SE2d 759)

BIRDSONG, Presiding Judge.

James Ray Bowers, a minor child, drowned in a swimming pool located on the premises owned by appellee/defendant Betty L. Grizzle, said premises being the residence of Betty L. Grizzle's son, appellee/defendant Ricky Grizzle. Appellants/plaintiffs Teresia Toney Bowers and Teresia Ann Bowers, as temporary administratrix of the estate of the deceased, brought suit for wrongful death against appellees. This is an appeal from the superior court's order granting sum-

mary judgment in favor of appellees.

James David Bowers visited James Ricky Grizzle at the latter's home; Bowers took his 32-month-old son, the deceased, with him. Bowers had been friends with Grizzle for about four years; he had an open invitation "as any other friend" to visit Grizzle whenever he wanted. Bowers was, during the course of the visit, the supervising parent of the deceased. An above-ground swimming pool was on the premises; Bowers had visited the premises on numerous other occasions and had knowledge of the pool and its location. On previous occasions Bowers had taken the deceased to the premises; he had previously held the deceased in his arms in the pool but the deceased would not otherwise get into the pool. Ricky Grizzle was aware of the deceased's fear of water. There exists some evidence that the pool was enclosed by a fence and gate but the gate had been temporarily removed for repairs; however, there is some conflicting evidence that no gate was installed until after the deceased drowned. Bowers asserts there was a gate and that on the day of the incident, he was aware that the swimming pool gate had been temporarily removed.

While Bowers was in the house watching James Grizzle change a diaper on his daughter, the deceased left the porch and wandered into the pool area. The deceased had been told by his father to stay on the porch. Deceased fell into the pool and drowned. *Held*:

1. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) expresses the appropriate summary judgment standard where movant is defendant.

2. While evidence exists that Betty L. Grizzle owned the premises, there is no evidence of record sufficient to create a genuine issue of material fact that she occupied a relationship of landlord/tenant with her son. Appellants' assertions in their brief of a landlord/tenant relationship between the Grizzles are not supported by the record and cannot be considered on appeal. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223). Accordingly *Smith v. Housing Auth. &c.*, 212 Ga. App. 503 (441 SE2d 847) and other cases cited by appellants, which involve injury to guests of a tenant, are distinguishable from the case at bar.

3. The record establishes, without controversion, that on the day of the incident deceased and his father were on the premises in the status of social guests of appellee Ricky Grizzle. The mere fact that the deceased's father had been a friend of Ricky Grizzle for four years and currently is living in Grizzle's house does not, as a matter of law, negate this status. As the deceased and his father were not trespassers, we find distinguishable cases such as *Gregory v. Johnson*, 249 Ga. 151 (289 SE2d 232) and *Knutzen v. O'Leary*, 210 Ga. App. 590 (437 SE2d 347), which involve an application of the attractive nuisance doctrine for the protection of certain classes of trespassing children.

4. A party is not an insurer of social guests; nor does mere owner-ship or physical control over a swimming pool result in absolute lia-bility for injuries sustained by social guests. See *Pope v. Workman*, 211 Ga. App. 263, 264 (439 SE2d 86). As social guests, the legal status of deceased and his father was that of licensees; under Georgia law, appellees owe only a duty not to injure social guests wilfully and wan-tonly. Id.; OCGA § 51-3-2 (a), (b); compare *Walker v. Daniels*, 200 Ga. App. 150, 154 (1) (407 SE2d 70). This is not a case involving a hidden defect; the existence and condition of the pool were open and obvious; a swimming pool is not per se a pitfall or mantrap (*Oliver v. City of Atlanta*, 147 Ga. App. 790, 792 (3) (250 SE2d 519)). Compare *Riley v. Brasunas*, 210 Ga. App. 865 (438 SE2d 113). Regardless of the age or capacity of the injured or deceased person, in the absence of a breach of some legal duty toward such person by the appellees, there can be no liability. *Winchester v. Sun Valley-Atlanta Assoc.*, 206 Ga. App. 140, 141 (2) (424 SE2d 85).

If the evidence in this case were uncontroverted that the pool had been fenced at the time of the incident and that the gate had been temporarily removed only for the purpose of repair, it would ap-pear that summary judgment in favor of appellees would have been appropriate even under a reasonable care standard. Compare *Greg-ory*, supra at 155. In this case, there exists some evidence in the form of statements by way of affidavits of deceased's mother and a third-party witness that no gate was installed in the gateway of the fence around the swimming pool until after the deceased drowned; there also exists evidence that deceased was a frequent visitor with his fa-ther at appellees' home and that deceased's father had a standing in-vitation to come over at any time with or without his son. Thus, we recognize that Ricky Grizzle was on notice that the deceased would be on the premises as a social guest at varying times and without the necessity of a prior specific invitation. However, " 'even young chil-dren have a natural fear of water,' " (*Riley v. Brasunas*, supra at 867 (1)), and the evidence is uncontroverted that appellee Ricky Grizzle was aware of the deceased's fear of the pool. Assuming no gate was installed until after deceased drowned, we find that such failure, as a matter of law, does not create a genuine issue of material fact as to wilful or wanton conduct by appellees. The swimming pool was an open and obvious, usual condition of the premises. " 'As to [static conditions of the premises], the owner or occupant owes no greater duty to the licensee whose presence is known than to any other licen-see, and this is not to wilfully or wantonly injure him. (Cits.) Further, there is no duty to a licensee with respect to keeping the *usual condi-tion* of the premises up to any particular standard of safety except that they must not contain a pitfall or mantrap.' " (Emphasis sup-plied.) *Riley*, supra at 867. Additionally, "[i]t would normally be the

duty of a parent or other adult [having primary supervisory control over the child] to see to it that a child would not be going into a place of obvious danger." *Wright v. Shoney's of Savannah*, 141 Ga. App. 362, 363 (233 SE2d 474). The trial court did not err in granting summary judgment in favor of appellees.

*Judgment affirmed. Ruffin, J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED SEPTEMBER 16, 1994 —
RECONSIDERATION DENIED OCTOBER 4, 1994 —

*Macklyn A. Smith, Sr.,* for appellants.
James R. Grizzle, *pro se.*
*Blasingame, Burch, Garrard & Bryant, Andrew J. Hill, Milton F. Eisenberg II,* for appellees.