## A95A2731. CRUCE v. KENNINGTON.
### (467 SE2d 227)

BIRDSONG, Presiding Judge.

Trespassing on appellant Randall Cruce's property, plaintiff's nine-year-old son Joseph Wade Willis climbed to the second floor of Cruce's barn and lifted a board, thereby uncovering a hole through which the boy fell. Plaintiff Sarah Kennington filed suit to recover for the boy's injuries. We granted interlocutory appeal to determine whether the trial court erred in denying summary judgment to Cruce on the issue whether his barn constituted an "attractive nuisance." Plaintiff contends that Cruce's barn was on wooded property and was not visible from the apartment complex where she lived with Joseph, but was accessible from a path between the apartment complex and a shopping center. She contends Cruce knew this path was commonly used by children. Kennington contends the barn "drew" children and thus constituted an attractive nuisance or "artificial conditions highly dangerous to trespassing children" under the standards set in *Gregory v. Johnson*, 249 Ga. 151, 154 (289 SE2d 232), and that Cruce " 'fail[ed] to exercise reasonable care to eliminate the danger or otherwise protect the children.' " Id. at 155. *Held*:

1. Appellee did not respond to Cruce's application for interlocutory appeal, and in violation of Court of Appeals Rule 18, she has filed a single-spaced brief.

2. The injury in this case was caused not merely by the child's entry onto Cruce's property, but by his falling from a height after he climbed to the second story of Cruce's barn and removed a board, thus uncovering the hole through which he fell. Using the standards set forth in *Gregory*, supra, for determination whether an "artificial condition" constitutes an attractive nuisance, we find at the threshold that a barn, used or not used, is not an "artificial condition" on land. Further, as noted in *Gregory* at 154, the rule of attractive nuisance "generally does not apply to dangers of fire, *falling from heights*, and water." (Emphasis supplied.) Such dangers are said to be "normally understood by children[,] absent other factors creating additional risks of harm or foreseeable dangers." Id. No such "other factors creating additional risks of harm or foreseeable dangers" exist in this case.

Even assuming a barn may be an "artificial condition" on land, and assuming that under standard "a" (*Gregory* at 154), the possessor of the barn may have known or had reason to know children were likely to trespass in it, nevertheless under standard "b" the barn and the covered hole on the second floor did not involve "an *unreasonable* risk of death or serious bodily harm" to trespassing children. (Emphasis supplied.)

Therefore, the remaining three standards set out in *Gregory* do

not render Cruce liable for an attractive nuisance. The flooring in the second floor of the barn was not itself an attractive nuisance, nor does it create an "unreasonable" risk of death or serious bodily injury merely because there was a hole covered by a board.

The implications of a finding to the contrary by a jury in the ordinary case would be so obviously burdensome and troublesome to all landowners of this state as to require no explanation. At the very least, such a finding would make every landowner a guarantor of every trespassing child's safety. No special facts in this case would except this barn and its owner's use (or non-use or ill-repair) of it from the general freedom of landowners to build and maintain and use, or choose not to use, buildings on their property. No special condition existed in this case which was not common to many barns (including the debatable ease of removing flooring or protective covering on the floor), and none existed which created an *unreasonable* risk of death or serious bodily harm to trespassing children. To rule otherwise would virtually destroy the law of trespass, and would require every owner of a building either to use it constantly or to board it up to an impregnable state so as to guarantee its inaccessibility to the youngest, most determined or most illiterate child. This ruling is wholly consistent with our rulings in *Bowers v. Grizzle*, 214 Ga. App. 718 (448 SE2d 759); *Knutzen v. O'Leary*, 210 Ga. App. 590 (437 SE2d 347); *Walker v. Daniels*, 200 Ga. App. 150 (407 SE2d 70).

3. As the child was a trespasser on property which was not an attractive nuisance, the owner's duty to the trespasser was not to injure the child wilfully and wantonly. *Gregory*, supra at 155. No such failure of duty appears in the facts of this case cited to us. There was no hidden defect in this case; the danger of falling through a hole created if one removes flooring board is open and obvious, and neither the barn nor the flooring was a pitfall or mantrap. *Bowers*, supra at 720. "Regardless of the age or capacity of the injured or deceased person, in the absence of a breach of some legal duty toward such person by the [defendant], there can be no liability." Id.

Even if the child had not been a trespasser, a landowner is not required to provide against remote or improbable injuries to children playing upon his land (*Knutzen*, supra at 592), as was the injury in this case.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JANUARY 31, 1996.

*Savell & Williams, Elmer L. Nash, Silvia L. Simpson*, for appellant.

*Holly L. Neyman*, for appellee.