## A98A1708. LOFTON v. HERITAGE REALTY COMPANY et al.
(508 SE2d 700)

Johnson, Presiding Judge.

After Wanda Faye Lofton's daughter, Brittany, drowned in a swimming pool at Tara Apartments, Lofton filed a wrongful death action against Heritage Realty Company et al. and the undisclosed owners of Tara Apartments (hereinafter collectively "Heritage"). Lofton appeals from the grant of summary judgment to Heritage.

The evidence viewed in favor of Lofton is as follows: Brittany, age four, lived in an apartment complex next door to Tara Apart-

ments. On the day of the incident, she was allowed to play outside. Lofton was taking care of a younger child, but checked on Brittany approximately 15 to 20 minutes before the incident. Brittany and her four-year-old cousin walked over to Tara Apartments. She did not have permission to do this and had never before wandered from her own apartment area.

Lofton alleges that Brittany could not swim, was drowned when she entered the pool area "through an unsecured gate and fenced area surrounding the pool," and apparently fell into the pool while attempting to retrieve a ball. Although it was October, the apartment swimming pool was still open. A "no trespassing" sign was posted by the primary gate of the pool to no avail since Brittany could not read.

The apartment manager was aware that teenage children occasionally trespassed into the pool area. While none of the apartment's residents had small children of Brittany's age, some of their guests were children. The apartment manager also had heard children's voices coming from the apartment complex next door.

Although an independent contractor inspected the pool weekly, the manager did not know when it had last been inspected before the incident. The pool had three gates. Locks had been installed on all three gates to prevent any unauthorized access to the pool. Only two of the gates were locked at the time of the incident. The third gate, the primary entryway, had a latch, but it was unlocked so that sunbathers could use the pool.

In the manager's opinion, this primary gate could not be opened by children under five years of age because the latch was on the inside of the gate. Although the evidence is conflicting as to whether the latch was working properly, the manager does not know the condition of the latch on the day of the incident. The investigating officer testified that the latch was not working properly on the day of the incident, and he believed the gate could have been pushed open. Though he also testified that a small child might not be able to get the gate open, he did not remember the exact condition of the latch or gate. For purposes of this appeal, we must assume the latch was not properly working, which is consistent with the testimony of the investigating officer.

The manager did not know whether any safeguard existed to warn young children who could not read not to enter the pool area or which would prevent them from doing so. The manager knew that a section of the pool fence had an opening at the bottom which was large enough for a small child to crawl under. After Brittany drowned, a maintenance man for the apartments told the investigating officer that the primary gate should have had a lock on it, and he put one on it in the officer's presence. There was no lifeguard or other attendant at the pool.

Lofton contends the trial court erred in granting the defendants' motion for summary judgment because a genuine issue of material fact exists whether the defendants failed to exercise reasonable care to protect children from the dangerous condition on the property. We agree.

1. The applicable summary judgment standard is that of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). Opinion evidence can preclude, but not support, a grant of summary judgment. *McGonagil v. Treadway*, 216 Ga. App. 850, 853 (1) (456 SE2d 260) (1995).

2. A person's status as a trespasser, licensee or invitee is not determined by his age or by his physical or mental capacity. *Gregory v. Johnson*, 249 Ga. 151, 153 (289 SE2d 232) (1982). Brittany trespassed onto the swimming pool area of Tara Apartments.

(a) The first issue to be resolved is the scope of the legal duty which Heritage owed to children who were trespassing in the swimming pool area. Over the years, the legal fiction of attractive nuisance has shifted to traditional negligence concepts, including reasonable foreseeability of harm. *Gregory*, supra at 154. The possessor of land is not an insurer of the safety of others. Essentially, "[t]he duty imposed is to exercise reasonable care to prevent *foreseeable* injury, not to protect against any injury." (Emphasis in original.) Id. at 155.

A swimming pool generally will be classified as an artificial condition upon the land. Pursuant to the five-prong test of *Gregory*, supra, a possessor of land is subject to liability for physical harm caused to a trespassing child by such an artificial condition if: (i) the possessor knows or has reason to know that children are likely to trespass on the place where the artificial condition exists; (ii) the possessor knows or has reason to know or realizes or should realize that the condition will involve an unreasonable risk of death or serious bodily harm to a trespassing child; (iii) the child because of his or her youth does not discover the condition or realize the risk involved in interfering with it or coming within the area made dangerous by it; (iv) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to any children involved; and (v) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children. Id. at 154.

(b) Heritage primarily argues that the evidence does not create a

genuine issue of material fact as to the first and fifth elements of the *Gregory* decision and as to the issue of foreseeability. We will address the five elements of the *Gregory* test in order.

(i) Construing all inferences and conclusions most favorably to Lofton as we are required to do, we find that a genuine issue of material fact exists for jury resolution as to whether Heritage knew or had reason to know that children were likely to trespass in the pool area. This is not a situation involving a pool in the yard of a single-family dwelling. This pool was open to the residents who were known to have children as guests. Teenagers had been observed trespassing at the pool. Other children were known to be present in a neighboring apartment complex because their voices could be heard by Tara Apartments' manager. The pool had been enclosed by a fence apparently to prevent unauthorized entry to the pool area.

(ii) In *Wallace v. Boys Club of Albany*, 211 Ga. App. 534, 537 (439 SE2d 746) (1993), a case involving the negligent supervision of a child who, by some unknown route, wandered off the Club's premises and was molested, a majority of this Court held: "Perhaps no child has ever been struck by a car on the street near defendant's premises or drowned in the nearby swimming pool, but these dangers are so obviously foreseeable that an unforeseeability argument could not reasonably be made concerning these dangers to an unsupervised child." Although the facts differ, this principle aptly applies to this case. No rational argument can be advanced that, as a matter of law, Heritage could not reasonably foresee the likelihood that young children would trespass into the pool area. A swimming pool poses a clear danger to a child of tender years, particularly a young child who cannot swim and who lacks an appreciation of the nature of the danger.

(iii) We cannot find that as a matter of law, Brittany, a child of tender years who could not swim and who apparently had never before visited the swimming pool, realized and appreciated the risk which she was encountering at the pool.

(iv) We need not analyze in detail whether the utility of the swimming pool and cost of rendering it safe substantially outweighed the risk of harm it posed to children. It appears that the installation of a gate latch which worked and modification of the fence so that it was secure would have eliminated the only deficiencies apparent in the fence and gate. Whether utility and cost outweighed the risk is an issue for the jury.

(v) A jury issue also exists regarding the final element of *Gregory*. There are only four ways that Brittany could possibly have gained access to the pool. First, she may have climbed over a five-foot wooden fence — a conclusion too unreasonable to warrant discussion. Second, she may have crawled under the fence. Third, she may have

walked through the primary gate because it had been left open. Finally, she may have pushed open the primary gate because it had a defective latch. How she gained access to the pool is an issue for the jury.

A possessor or owner of land generally will meet his duty to exercise reasonable care by erecting a fence or other enclosure around a swimming pool. *Knutzen v. O'Leary*, 210 Ga. App. 590, 592 (2) (437 SE2d 347) (1993). However, the primary gate to this pool was not locked, and we must assume that it had a defective latch. A portion of the fence was knowingly maintained with an opening at the bottom big enough to allow a child of Brittany's size to enter. We cannot find, as a matter of law, that Heritage fulfilled its duty to take reasonable precautions to protect trespassing children from the inherent danger created by the swimming pool.

The facts of this case are distinguishable from *Bowers v. Grizzle*, 214 Ga. App. 718 (448 SE2d 759) (1994), and *Knutzen*, supra, which involved drownings at swimming pools of single-family homes and did not involve a fence erected and knowingly maintained with an opening under it through which a young child could crawl.

Except where evidence is so clear and palpable that a jury can draw but one conclusion, questions of negligence, foreseeability, proximate cause and related issues should be presented to the jury. *Wade v. Mitchell*, 206 Ga. App. 265, 268 (4) (424 SE2d 810) (1992); see also *Thompson v. Crownover*, 259 Ga. 126, 129 (5) (381 SE2d 283) (1989). The evidence in this case is not clear and palpable, and a jury should decide the genuine issues of material fact. Compare *Gregory*, supra.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 29, 1998 —
RECONSIDERATION DENIED NOVEMBER 13, 1998

*Daryl V. Yokely*, for appellant.
*Warren C. Grice*, for appellees.

