### A01A2399. RENAUD v. BLACK et al.
(561 SE2d 183)

JOHNSON, Presiding Judge.

This wrongful death lawsuit was brought after a young child drowned in a backyard swimming pool. Because there is no evidence that the pool owners acted improperly, we affirm the trial court's grant of summary judgment to them.

Angie and Chris Renaud lived with their two sons in a subdivision in Bartow County. On June 22, 1997, Angie Renaud was at home talking on the telephone when she saw her son Stephen, who was three years and ten months old, go out the kitchen door. She hung up the telephone and followed Stephen into the backyard. Ms. Renaud did not find her son there, so she and her husband searched the area. Unable to locate Stephen, the Renauds called the police, who came to search for the child.

Andrew and Cheryl Black and their children lived in the same subdivision as the Renauds. The families, however, lived on different streets and did not know each other. When rescue workers told families to search their own property for the missing child, the Blacks checked the aboveground swimming pool in their backyard, which was enclosed by a four-foot-high chain-link fence. Mr. Black found Stephen's body in the pool.

Angie Renaud sued Andrew and Cheryl Black for the wrongful death of Stephen. She claims that the pool constituted an attractive nuisance, that the Blacks were negligent per se in failing to fully comply with a county ordinance requiring the pool to be fenced in, and that the Blacks were negligent in failing to lock their backyard fence gates. The Blacks moved for summary judgment, and the trial court granted their motion on all three claims. Renaud appeals from the trial court's ruling.

1. Under the attractive nuisance doctrine, one who possesses land which has an artificial condition upon it is subject to liability when the condition causes physical harm to a trespassing child if: (1) the possessor knows or has reason to know that children are likely to trespass where the condition exists; (2) the possessor knows or has reason to know that the condition involves an unreasonable risk of death or serious harm to trespassing children; (3) children, because of their youth, do not discover the condition or realize its risk; (4) the utility of the condition to the possessor and the burden of eliminating the danger are slight in comparison to the risk to children; and (5) the possessor fails to exercise reasonable care to eliminate the danger or otherwise protect children.[1]

In the instant case, the trial court correctly found that there is no evidence of either the first or fifth elements required to support an attractive nuisance claim. As to the first element, the Blacks did not know and had no reason to know that children were likely to trespass into their enclosed backyard. The only children whom the Blacks had ever allowed to use the pool were their own daughters, along with their nieces and nephews. They had never allowed neighborhood children to use the pool. And there is no evidence that any neighborhood children had ever tried to gain access to the swimming pool or that the Blacks had ever known of any children coming into their yard without permission. In regard to Stephen Renaud, the Blacks did not know him and he had never been to their house or in their yard. Based on the evidence, the trial court did not err in concluding that the first prong of the attractive nuisance test was not met.[2]

The fifth prong also was not met. The backyard and the pool were enclosed by a four-foot-high fence, free of any defects. The Supreme Court has stated that erecting a fence or other enclosure around a pool is generally all that is required of a landowner in the exercise of reasonable care.[3] Here, we find that the Blacks exercised

---

[1] *Gregory v. Johnson*, 249 Ga. 151, 154 (289 SE2d 232) (1982).

[2] See *Knutzen v. O'Leary*, 210 Ga. App. 590, 593 (2) (437 SE2d 347) (1993) (first prong of attractive nuisance test not met where child had previously been on landowner's property, but had never been to the pool area where he drowned).

[3] *Gregory*, supra at 155.

reasonable care to protect children from any danger by having a fence around their backyard pool.[4]

Because there is no evidence supporting two of the requisite elements for an attractive nuisance claim, the trial court did not err in granting summary judgment to the Blacks on that claim.

2. A county ordinance provided: "Any swimming pool shall be enclosed with a solid or chain link fence not less than four (4) feet in height. . . ."[5] Renaud argues that the fence surrounding the Blacks' pool did not comply with this ordinance because it had two gates that latched, but did not lock.

We must strictly construe the ordinance and cannot extend it beyond its plain and explicit terms.[6] The plain terms of the ordinance impose no requirement that a fence have gates which lock, and we cannot extend those plain terms to include such a requirement. Instead, we are compelled to find that the Blacks complied with the ordinance because the chain-link fence surrounding their pool was four feet high. Because the Blacks were in compliance with the ordinance, the trial court correctly granted summary judgment to them on Renaud's negligence per se claim.[7]

3. "The general rule is that a person who owns or controls property owes no duty to a trespasser upon it, except not to wilfully or recklessly injure him; and this rule applies alike to adults and to children of tender years."[8] There is no question that Stephen Renaud was not invited onto the Blacks' property, that they did not know he was there, and that he was a trespasser on their property.[9] Likewise, there is no evidence that the Blacks injured him wilfully or recklessly. On the contrary, they acted with reasonable care by fencing in their backyard pool. Because the Blacks did not violate the duty they owed to the child trespasser, Renaud's claim of ordinary negligence must fail.[10]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

---

[4] See *Knutzen*, supra at 594 (4) (landowner exercised reasonable care where his property, which included a backyard pool, was fenced).

[5] Bartow County Ordinance § 7.1.7.

[6] See *Piccadilly Place Condo. Assn. v. Frantz*, 210 Ga. App. 676, 678 (1) (436 SE2d 728) (1993).

[7] See *Knutzen*, supra at 593 (3).

[8] (Citation omitted.) *Trammell v. Baird*, 262 Ga. 124, 125 (413 SE2d 445) (1992).

[9] See *Gregory*, supra at 153 (no question that uninvited child was a trespasser).

[10] See *Bowers v. Grizzle*, 214 Ga. App. 718, 720 (4) (448 SE2d 759) (1994) (even assuming there was no gate on a fence surrounding an aboveground pool in which a child drowned, summary judgment appropriate because the property owner did not breach duty not to injure child wilfully or wantonly).

DECIDED FEBRUARY 22, 2002.

*Garland, Samuel & Loeb, David E. Tuszynski*, for appellant.
*Magruder & Sumner, J. Clinton Sumner, Jr., Susan D. Taylor*, for appellees.